IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACCELERATION BAY LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ACTIVISION BLIZZARD, INC. ) <br> ) <br> Defendant. ) | C.A. No. 16-453 (RGA) <br><br> REDACTED - <br> PUBLIC VERSION |
| ACCELERATION BAY LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ELECTRONIC ARTS INC., ) <br> ) <br> Defendant. ) | C.A. No. 16-454 (RGA) <br><br> REDACTED - <br> PUBLIC VERSION |
| ACCELERATION BAY LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TAKE-TWO INTERACTIVE SOFTWARE, ) <br> INC., ROCKSTAR GAMES, INC. and ) <br> 2K SPORTS, INC., ) <br> ) <br> Defendants. ) | C.A. No. 16-455 (RGA) <br><br> REDACTED - <br> PUBLIC VERSION |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
<u>MOTION TO DISMISS FOR LACK OF STANDING</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Stephen J. Kraftschik (#5623)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
skraftschik@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

David P. Enzminger
Michael A. Tomasulo
Gino Cheng
David K. Lin
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
(213) 615-1700

Dan K. Webb
Kathleen B. Barry
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

Michael M. Murray
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-3510

October 4, 2016 - Original Filing Date
October 12, 2016 - Redacted Filing Date

## TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF PROCEEDINGS ............................................................. 4

II. SUMMARY OF THE ARGUMENT ......................................................................... 4

III. STATEMENT OF FACTS ........................................................................................ 5

IV. APPLICABLE LAW .................................................................................................. 7

V. ARGUMENT .............................................................................................................. 8

    A. ███████████████████████████████████████ ............................................ 8

    B. ███████████████████████████████████████
███ ............................................................................................................... 8

    C. Claims against the ████████ games should be dismissed at the outset of the case. ................................................................................... 11

VI. CONCLUSION ........................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alfred E. Mann Found. For Sci. Research v. Cochlear Corp.*,
   604 F.3d 1354 (Fed. Cir. 2010) ................................................................................................ 5

*Blum v. Yaretsky*,
   457 U.S. 991 (1982) .................................................................................................................. 7

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006) .................................................................................................................. 7

*DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*,
   517 F.3d 1284 (Fed. Cir. 2008) ................................................................................................ 8

*Friedman v. Dollar Thrifty Auto. Grp., Inc.*,
   304 F.R.D. 601 (D. Colo. 2015) ............................................................................................... 8

*Green v. Green Mtn. Coffee Roasters*,
   279 F.R.D. 275 (D.N.J. 2011) .................................................................................................. 8

*Lewis v. Casey*,
   518 U.S. 343 (1996) .................................................................................................................. 7

*Lieberson v. Johnson & Johnson*,
   865 F. Supp. 2d 529 (D.N.J. 2011) ........................................................................................... 8

*Luminara Worldwide, LLC v. Liown Elecs. Co.*,
   814 F.3d 1343 (Fed. Cir. 2016) ................................................................................................ 7

*Morrow v. Microsoft Corp.*,
   499 F.3d 1332 (Fed. Cir. 2007) ........................................................................................... 4, 7

*Reilly v. Amy's Kitchen, Inc.*,
   2 F. Supp. 3d 1300 (S.D. Fla. 2014) ........................................................................................ 8

*Rite-Hite Corp. v. Kelley Co., Inc.*,
   56 F.3d 1538 (Fed. Cir. 1995) (en banc) .................................................................................. 4

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
   427 F.3d 971 (Fed. Cir. 2005) .................................................................................................. 4

*Speedplay, Inc. v. Bebop, Inc.*,
   211 F.3d 1245 (Fed. Cir. 2000) ................................................................................................ 5

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ............................................................................................................... 4, 8

*Walker Digital, LLC. v. Expedia, Inc.*,
    950 F. Supp. 2d 729 (D. Del. 2013) .................................................................................. 4

*Warth v. Seldin*,
    422 U.S. 490 (1975) ........................................................................................................ 4

*WiAV Solutions LLC, v Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010) ...........................................................................1, 2, 5, 6

I.  **NATURE AND STAGE OF PROCEEDINGS**

Defendants Activision Blizzard, Inc., Electronic Arts Inc., and Take-Two Interactive Software, Inc., Rockstar Games, Inc., and 2K Sports, Inc. (collectively, "Defendants"), are each leading developers, publishers, and distributors of video game products. The currently pending actions against Defendants were filed on June 17, 2016. Defendants have not answered.

Defendants have moved to dismiss large parts of the claims against them – ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ – for lack of subject-matter jurisdiction. This is their opening brief in support of that motion.

II.  **SUMMARY OF ARGUMENT**

Acceleration Bay lacks constitutional standing to assert a large portion of each of its claims against Defendants. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Each Defendant is a videogame publisher that publishes games on ▮▮▮▮▮▮▮▮▮▮▮▮ and therefore falls into the category of companies ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Acceleration Bay is specifically accusing such games.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See*

---

[1] U.S. Patent No. 6,701,344; U.S. Patent No. 6,714,966; U.S. Patent No. 6,732,147; U.S. Patent No. 6,829,634; U.S. Patent No. 6,910,069; and U.S. Patent No. 6,920,497. *See* D.I. 1 at ¶ 10.

*WiAV Solutions LLC, v Motorola, Inc.*, 631 F.3d 1257, 1266 (Fed. Cir. 2010). In a patent case, the plaintiff only has constitutional standing to the extent it has "an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *Id*. Moreover, even a party with exclusionary rights under a patent lacks standing to sue a party for infringement if that party "has ***the ability to obtain such a license from another party with the right to grant it***." *Id*. (emphasis added). Because Acceleration Bay does not own sufficient exclusionary rights ▮▮▮▮▮▮▮▮▮▮, it suffers no injury-in-fact. Indeed, Acceleration Bay acknowledged to the Court at the hearing on the motion to dismiss the previous series of cases ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, Acceleration Bay lacks constitutional standing within ▮▮▮▮▮▮▮▮▮▮, and the claims directed at ▮▮▮▮▮▮▮▮▮▮ should be dismissed.

### III.  STATEMENT OF FACTS

The Asserted Patents issued to Boeing. *E.g.*, No. 16-453, D.I. 1-1 at 2. ▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5



In ▮▮▮▮▮▮ Boeing entered into an agreement with Acceleration Bay that purported to assign the Asserted Patents to Acceleration Bay. In March and April 2015, Acceleration Bay sued Defendants, alleging that Defendants' products infringed the Asserted Patents it acquired from Boeing. During discovery, Defendants learned of Boeing's Patent Purchase Agreement ▮▮▮▮▮▮▮▮▮▮, and moved to dismiss for lack of standing. Defendants argued (1) that all claims had to be dismissed for lack of prudential standing, because Acceleration Bay did not own or have all substantial rights to the Asserted Patents, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* No. 15-228, D.I. 101.

This Court concluded that Acceleration Bay lacked prudential standing and dismissed all claims without prejudice. No. 15-228, D.I. 148; No. 15-282, D.I. 142; No. 15-311, D.I. 144. The Court did not reach Defendants' arguments that Acceleration Bay lacked constitutional standing to assert claims within the Boeing ▮▮▮▮▮▮▮▮▮▮. *Id.* at 11 ("I need not reach the other arguments raised by Defendants unless Boeing joins this action.").

6

On June 17, 2016, Acceleration Bay filed a second round of suits against each of the Defendants. As with its previous complaints, Acceleration Bay identifies as "Accused Products" products ███████████████████████. *E.g.*, No. 16-453, D.I. 1-4, at 2; No. 16-453, D.I. 1-4 at 145; No. 16-454, D.I. 1-3 at 13; No. 16-454, D.I. 1-3 at 74; No. 16-454, D.I. 1-3 at 134; No. 16-454, D.I. 1-3 at 180; No. 16-455, D.I. 1-3 at 2; No. 16-455, D.I. 1-3 at 65 ("'Accused Product' refers to the PlayStation 3, PlayStation 4, Xbox One and Xbox 360 versions ...."). Defendants now move to dismiss, again on the basis that Acceleration Bay lacks constitutional standing to assert claims against products within ██████████████████ ██████████████████████.

## IV. APPLICABLE LAW

Constitutional standing "is a threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The plaintiff must demonstrate an "injury in fact" that is "fairly traceable" to the defendant's conduct and likely to be redressed by a favorable decision. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1338–39 (Fed. Cir. 2007). Whether a plaintiff has standing to sue is a matter of law to be determined by the court, *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995) (en banc), and it must be addressed at the outset of the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception.").

"The party bringing the action bears the burden of establishing that it has standing." *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005). In determining whether the plaintiff has standing, the Court need not accept plaintiff's allegations as true and may consider matters outside the pleadings to satisfy itself that it has jurisdiction. *See Walker Digital, LLC. v. Expedia, Inc.*, 950 F. Supp. 2d 729, 734 (D. Del. 2013) (under a factual challenge to jurisdiction, "'no presumptive truthfulness attaches to plaintiff's allegations, and the

7

existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'") (internal citations omitted). If the plaintiff cannot establish standing, "the complaint must be dismissed." *Warth*, 422 U.S. at 502.

V. **ARGUMENT**

   A. ████████████

   ████████████

   ████████████

   ████████████

   ████████████

   ████████████

   ████████████

   ████████████

   ████████████

   ████████

   B. ████████████

   ████████████

   ████████████

   ████████████

In a patent case, the "touchstone of constitutional standing" is "whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *WiAV Solutions*, 631 F.3d at 1265.

████████████

████████████

8

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████ Ex. B, May 2, 2016 Hr'g Tr. at 57:12–15. An exclusionary right subject to a third party's unfettered ability to sublicense is "illusory," because that party "can render that right nugatory by granting the alleged infringer a royalty-free sublicense." *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1251 (Fed. Cir. 2000); *see also Alfred E. Mann Found. For Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1361 (Fed. Cir. 2010) (opining that a licensor's right to sue can be "rendered illusory by the licensee's ability to settle licensor-initiated litigation by granting royalty-free sublicenses to the accused infringers") (citing *Speedplay*, 211 F.3d at 1251). Having suffered no legal injury from the alleged infringement, the plaintiff lacks constitutional standing to challenge that infringement. *WiAV Solutions*, 631 F.3d at 1266.

The Federal Circuit explained in *WiAV Solutions* that "[b]ecause the legally protected interests in a patent are the exclusionary rights created by the Patent Act, a party holding one or more of those exclusionary rights—such as an exclusive licensee—suffers a legally cognizable injury when an unauthorized party encroaches upon those rights and therefore has standing to sue. *Id.* at 1264–65 (citations omitted). And because standing is derived from exclusionary rights, "standing will ordinarily be coterminous with those rights." *Id.* at 1266.

It does not matter that Acceleration Bay may hold other exclusionary rights in the patents—even a party with some exclusionary rights lacks standing if the accused infringer (i) "holds a preexisting license under the patent to engage in the allegedly infringing activity"; or (ii) "has the ability to obtain such a license from another party with the right to grant it." *WiAV Solutions*, 631 F.3d at 1266–67 (concluding that the plaintiff had standing because there was "no

9

argument or evidence" that the defendants could obtain a license from a third-party). In both scenarios, that purported patent holder, even though it possesses certain exclusionary rights, "does not have an exclusionary right with respect to the alleged infringer and thus is not injured by that alleged infringer." *Id*. at 1266. In *WiAV Solutions,* none of the third-parties ultimately possessed the right to sublicense the defendants. *Id.* at 1267 ("[N]either Rockwell Science Center, Mindspeed, Conexant, Skyworks, Qualcomm, nor Sipro has the right to extend licenses to the Defendants . . . ."). ██████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████

The principle of *WiAV Solutions*—that the ability of a defendant to obtain a license from a third-party deprives a plaintiff of constitutional standing—has been acknowledged by other courts. In *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1348 (Fed. Cir. 2016), the Federal Circuit again observed that an accused infringer's ability to obtain a license from a third party deprives the patent plaintiff of the requisite "exclusionary rights." *Id*. The Federal Circuit reasoned that "[i]f Disney Enterprises[, a third-party,] could indeed license any entity to manufacture and sell candles having Artificial Flame Technology, Candella would not have had exclusionary rights to the asserted patents." *Id.* (holding that the plaintiff had standing because Disney lacked those broad licensing rights). Similarly, Magistrate Judge Burke recently applied *WiAV Solutions* in analyzing whether a plaintiff lacked constitutional standing because the defendant "could be (either now or in the future)" a beneficiary of a covenant not to sue. Ex. C, Memorandum Order, *Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, No. 15-691-LPS-CJB, D.I. 91 at 18–20 (D. Del. Sept. 20, 2016) (holding that the defendant was precluded from asserting the benefit of the covenant, either at the time of the suit or in the future,

10

and thus the plaintiff had constitutional standing). These cases demonstrate that "[t]he question is whether [plaintiff's] interests in the patent include sufficient exclusionary rights such that [plaintiff] suffers an injury in fact from infringing activities." *Morrow*, 499 F.3d at 1341.

███████████████████████████████████████████████████████████████████
███████████████████████████████████

Nor does it matter that Acceleration Bay may have standing for other claims and with respect to ████████████████ games. "[S]tanding is not dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996). Not only must a plaintiff "demonstrate standing for each claim," it must also "demonstrate standing separately for each form of relief." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). A plaintiff injured by "conduct of one kind [does not] possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar." *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982); *accord Lewis*, 518 U.S. at 358 n.6; *Cuno*, 547 U.S. at 353 n.5.

Acceleration Bay has no exclusionary rights—and thus no standing—with respect to any products ███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
████████████████████.

    **C.    Claims against ████████████████████████ should be dismissed at the outset of the case.**

Because Acceleration Bay has not suffered an injury with respect to ████████████ ████, those claims should be dismissed at the outset of the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception."). Courts may not assume "hypothetical jurisdiction" over the merits, *id.* at 93–94, particularly where, as here, the jurisdictional facts are

11

"not so intertwined with the substantive federal patent law . . . that dismissal on jurisdictional grounds would be inappropriate." *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1291 (Fed. Cir. 2008).

In other contexts, courts routinely dismiss claims against products where the plaintiff has failed to establish an injury-in-fact from those products. *See, e.g.*, *Reilly v. Amy's Kitchen, Inc.*, 2 F. Supp. 3d 1300, 1303 (S.D. Fla. 2014) (holding, in a consumer fraud suit, that plaintiff had standing only with respect to the products actually purchased and thus the cause of an actual injury); *Green v. Green Mtn. Coffee Roasters*, 279 F.R.D. 275, 280 (D.N.J. 2011) (same); *Lieberson v. Johnson & Johnson*, 865 F. Supp. 2d 529, 537 (D.N.J. 2011) (same); *Friedman v. Dollar Thrifty Auto. Grp., Inc.*, 304 F.R.D. 601, 613 (D. Colo. 2015) ("Plaintiffs lack standing to assert claims regarding products they did not purchase.").

███████████████████████████████████████████████████████████
████████

**VI.     CONCLUSION**

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████████████████

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Stephen J. Kraftschik* |
|  | _____ |
|  | Jack B. Blumenfeld (#1014) |
|  | Stephen J. Kraftschik (#5623) |
|  | 1201 North Market Street |
|  | P.O. Box 1347 |
|  | Wilmington, DE  19899 |
|  | (302) 658-9200 |
|  | jblumenfeld@mnat.com |
|  | skraftschik@mnat.com |
| OF COUNSEL: | |
| David P. Enzminger | *Attorneys for Defendants* |
| Michael A. Tomasulo | |
| Gino Cheng | |
| David K. Lin | |
| WINSTON & STRAWN LLP | |
| 333 S. Grand Avenue, 38th Floor | |
| Los Angeles, CA 90071 | |
| (213) 615-1700 | |

Dan K. Webb
Kathleen B. Barry
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

Michael M. Murray
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-3510

October 4, 2016 - Original Filing Date
October 12, 2016 - Redacted Filing Date