## Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

Jack B. Blumenfeld
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@mnat.com

April 11, 2017

The Honorable Richard G. Andrews                           *VIA ELECTRONIC FILING*
United States District Court
   for the District of Delaware
844 North King Street
Wilmington, DE  19801

Re:     *Acceleration Bay LLC*; C.A. Nos. 16-453 (RGA); 16-454 (RGA); and 16-455 (RGA)

Dear Judge Andrews:

      Defendants in these three actions write to seek relief from the Court concerning five patent claims that plaintiff Acceleration Bay purported to assert for the first time last week. Because the parties are in the middle of claim construction proceedings, in preparation for a July 10, 2017 *Markman* hearing and a July 31 close of fact discovery, Defendants seek relief on an expedited basis. We have met and conferred with counsel on this issue, but Acceleration Bay has declined to withdraw any of those claims.

      The six patents asserted by Acceleration Bay include more than 100 claims. In the 2015 cases, the Court ordered a two-stage process for reducing the number of asserted claims – an initial election of "of no more than ten claims from each patent and not more than a total of 32 claims" and then a final election of asserted claims "***from among the ten previously identified claims***." (C.A. No. 15-228, D.I. 34 ¶ 10(a)). Plaintiff served its initial election in March 2016 and then incorporated that election – verbatim – into the Scheduling Order for these cases, along with the requirement that it make a final election ***from among the previously identified claims***. (D.I. 62 ¶ 9(a)).[1] There is no provision in the Scheduling Order permitting Acceleration Bay to add or substitute asserted claims. Adding claims at this stage is contrary to the Court's stated goal of ***reducing*** the size of the case. Nevertheless, during the meet and confer, Acceleration

---

[1]     Citations to Docket Items refer to C.A. No. 16-453-RGA.

The Honorable Richard G. Andrews
April 11, 2017
Page 2

Bay took the position that there is no limitation on its ability to assert additional claims at any time.

In late 2015, Defendants filed a number of IPRs directed at the patents-in-suit. In late March 2017, the PTAB found 11 asserted claims from three of the asserted patents to be unpatentable. *See* D.I. 106. Before last week, Acceleration Bay never indicated **any** intent to seek to assert different claims based on the outcome of the IPRs. It never served infringement contentions as to those claims or demanded that Defendants provide invalidity contentions as to them. In fact, Acceleration Bay's initial election of asserted claims was served after the IPRs had been instituted, but the initial election of claims did not indicate that the election of claims was dependent on the outcome of those IPRs. Last week, however, without conferring with Defendants or seeking leave of Court, Acceleration Bay served an "Amended Preliminary Election of Asserted Claims" (Ex. A). It withdrew the claims found to be unpatentable and at the same time purported to add five claims that had not been previously asserted – three "claims" that have not yet issued but were found allowable as substitute claims in the IPR process and two claims that were in the patents at the time the suit was filed. (*See* D.I. 108). There is no basis to allow the addition of either group of claims.

All Parties have been proceeding on only the 32 claims that Acceleration Bay elected. The final hearing for the IPRs was in December 2016, but Acceleration Bay did not indicate any intent to try to add new claims based on the IPRs at the February 2017 scheduling conference.[2] Instead, Plaintiff sought (and received) a short schedule on the basis that these cases were continuations of the prior cases and that the issues were largely developed. At no time prior to last week did Acceleration Bay suggest that it considered its election of asserted claims to be non-binding. Moreover, it has not provided any infringement contentions for the five new claims. And Defendants have not prepared invalidity contentions for these five claims. The parties also have not exchanged disputed claim terms or proposed constructions for the newly asserted claims, and a Joint Claim Chart is due this Friday, April 14. Acceleration Bay's opening claim construction brief is due later this month, on April 28.

The three substitute claims[3] do not exist as issued claims and thus cannot be asserted as a matter of law. 35 U.S.C. § 318(b); 37 C.F.R. § 42.80. The term of a patent does not begin until it actually issues. 35 U.S.C. § 154(a)(2). Issuance of a substitute claim from an IPR proceeding only occurs after "the time for appeal has expired or any appeal has terminated." 35 U.S.C. § 318(b). That has not happened, and Defendants have until late May to appeal these decisions. This Court has no jurisdiction over patent claims that have not issued (and may never issue). Thus, those claims cannot be asserted. During the meet and confer, Acceleration Bay argued it has the right to assert those claims even though they have not issued, but offered no authority to

---

[2]  Two other IPRs are still pending, and final written decisions are expected in September 2017.

[3]  The three substitute claims are claim 21 of the '344 Patent, claim 19 of the '966 Patent, and claim 25 of the '634 Patent. (D.I. 108 at 2-3).

The Honorable Richard G. Andrews
April 11, 2017
Page 3

support its position that it can assert unissued claims and Defendants are not aware of any such authority.[4]

    Nor should Acceleration Bay be allowed to assert the other two previously unasserted claims: claim 12 of the '344 Patent and claim 10 of the '634 Patent. Acceleration Bay could have asserted those claims in its original election, but chose not to. Further, if claim 10 of the '634 patent were in the case, it includes several terms that should be construed, but which are not among the terms designated for claim construction.

    The Scheduling Order provided a procedure for Acceleration Bay to elect asserted claims, and procedures for those claims to be litigated. It also provided for reduction of asserted claims, but did not permit the later assertion of additional claims. Acceleration Bay should not be permitted to assert any new claims in these cases. Given the events that are ongoing, including the Joint Claim Chart due later this week, Defendants request a telephone conference with the Court to discuss how to proceed.

    Respectfully,

    */s/ Jack B. Blumenfeld*

    Jack B. Blumenfeld (#1014)

JBB/dlw
Enclosure
cc:    Clerk of Court (Via Hand Delivery; w/ encl.)
       All Counsel of Record (Via Electronic Mail; w/ encl.)

---

[4] Even if those claims could be asserted, they could not be asserted against the presently accused products and other issues of "intervening rights" would be injected into the case. 35 U.S.C. § 318(c).