IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| ACCELERATION BAY LLC, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action No. 16-453-RGA |
| ACTIVISION BLIZZARD, INC., | : | |
| Defendant. | : | |

| ACCELERATION BAY LLC, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action No. 16-454-RGA |
| ELECTRONIC ARTS, INC., | : | |
| Defendant. | : | |

| ACCELERATION BAY LLC, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action No. 16-455-RGA |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Plaintiff has filed objections to Special Master Order #6. (No. 16-453, D.I. 254).

While I understand the basis for the Special Master's Order, it seems to me that there is another way to handle the disputes.

As to RFP Nos. 150 & 165, I do not think Defendants need the documents to contest Plaintiff's assertion in the Complaint that it is an operating company, as, if it does not produce the requested documents, I will bar it at trial (and at the injunction stage, if we get there) from offering evidence that it is an operating (including incubating, whatever that means) company (which in any event, it does not appear in any substantial sense to be). (I do not expect, either, to allow Defendants to refer pejoratively to Plaintiff. I would expect the testimony to be, from Ward, I'm the President and CEO of this one-person company (or two persons, if it also employs a patent valuation expert)). Thus, Plaintiff can either accept my anticipatory ruling, or Plaintiff can respond to the two RFPs. Plaintiff should within two days advise Defendants which choice it makes.

As to RFP No. 139, I am unclear what the documents between Plaintiff and its lender are supposed to contain. If they are simply accounting, that is, this is how Plaintiff spent the lender's money, they are irrelevant. If they contain something more, then they might be relevant, to the same extent as the documents that are called for by RFP Nos. 150 & 165. Based on the submissions, I do not think Plaintiff has done anything more than boldly assert Mr. Ward's communications with his lender are work product. (*See* D.I. 255-1, Exh. B, depo. p. 151; D.I. 255-1, at 277).

As I understand it, Plaintiff's litigation financing is publicly available. Thus, with that understanding, I am not convinced that Defendants need the unredacted agreement (although I agree with Defendants and the Special Master that my earlier ruling was in a different context and does not foreclose Defendants' request at this time). I do not think the unredacted agreement, or any other documents, are likely relevant to the determining the purchase price, which appears to be $250,000 with the possibility of substantial

additional payments of up to $22,000,000. (D.I. 254, p.5 n.4). In any event, the purchase price is determined by the agreement between Plaintiff and Boeing. Thus, I do not require production of an unredacted copy of the agreement.

The source of the $250,000 payment is a different matter. The circumstances are mysterious as to how it could have been made before Plaintiff had any financing. There is enough smoke there to make it relevant to impeachment. Thus, Plaintiff must respond to RFP No. 167.

Thus, as stated above, I adopt the Special Master's Order as to RFP No. 167, and as to the balance, Plaintiff need not produce any of the requested documents, as they are not relevant to the issues that will remain in the case. If, however, Plaintiff wants to be able to argue that it should be allowed to present evidence at trial that it is an "operating company," then it must comply with the Special Master's Order as to the other three RFPs.

IT IS SO ORDERED this 5 day of September 2017.

*Richard G. Andrews*
United States District Judge