# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACCELERATION BAY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-453 (RGA) |
| | ) |
| ACTIVISION BLIZZARD, INC., | ) **PUBLIC VERSION** |
| | ) |
| Defendant. | ) |
| | ) |
| ACCELERATION BAY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 16-454 (RGA) |
| v. | ) |
| | ) |
| ELECTRONIC ARTS INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| ACCELERATION BAY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 16-455 (RGA) |
| v. | ) |
| | ) |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., ROCKSTAR GAMES, INC., and 2K SPORTS, INC., | ) ) ) ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF ACCELERATION BAY LLC'S
OBJECTIONS TO SPECIAL MASTER ORDER NO. 13**

| | |
|---|---|
| OF COUNSEL:<br><br>Paul J. Andre<br>Lisa Kobialka<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>990 Marsh Road<br>Menlo Park, CA 94025<br>(650) 752-1700<br>pandre@kramerlevin.com<br>lkobialka@kramerlevin.com<br><br>Aaron M. Frankel<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br> (212) 715-9100<br>afrankel@kramerlevin.com<br><br>Dated: December 13, 2017<br>Public version dated: December 21, 2017 | Philip A. Rovner (#3215)<br>Jonathan A. Choa (#5319)<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>provner@potteranderson.com<br>jchoa@potteranderson.com<br><br>*Attorneys for Plaintiff*<br>ACCELERATION BAY LLC |

# TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

II.   OBJECTIONS.................................................................................................................... 1

III.  ARGUMENT..................................................................................................................... 2

    A.   Confidential Communications Between Counsel for Acceleration Bay and its Litigation Funder are Non-Discoverable Work Product ....................................................................... 2

    B.   The Common Interest Doctrine Extends Attorney-Client Privilege to Confidential Communications Between Counsel for Acceleration Bay and its Litigation Funder ......... 4

    C.   The Diligence Emails Are Not Relevant ........................................................................ 6

IV.  CONCLUSION.................................................................................................................. 7

### I. NATURE AND STAGE OF THE PROCEEDINGS

Acceleration Bay respectfully objects, in part, to the Special Master's November 22, 2017 Order No. 13. Ex. A, (D.I. 361, the "Order")[1]. The Order requires Acceleration Bay to "produce what it provided in writing to Hamilton Capital [Acceleration Bay's litigation funder] or its counsel at the time of Hamilton Capital's due diligence." *Id.* at 7. Acceleration Bay already produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ However, Acceleration Bay objects to producing emails exchanged between its counsel and counsel for Hamilton Capital, on the grounds that such emails are work product, protected under the common interest doctrine and not relevant to the issues in the case.

### II. OBJECTIONS

Acceleration Bay objects, in part, to the Order pursuant to Rule 53(f)(2) of the Federal Rules of Civil Procedure and the Court's Order Appointing Special Master dated February 18, 2016 (C.A. No. 15-228-RGA, D.I. 94 at ¶6)[2]. The Court reviews the Special Master's Order *de novo*. Fed. R. Civ. P. 53(f). Acceleration Bay respectfully requests that the Court overrule the Order on the following three grounds:

(1) the emails exchanged between outside counsel for Acceleration Bay and Hamilton Capital are non-discoverable, attorney work product;

---

[1] All docket citations are to C.A. No. 16-453-RGA, and are representative to filings in the related cases.
[2] In accordance with that Order, Acceleration Bay submits herewith an Appendix containing the transcript from the hearing before the Special Master (Ex. B) and the materials submitted by the parties in connection with the hearing.

(2) because Acceleration Bay and Hamilton Capital share a common legal interest in the successful enforcement of the asserted patents against Defendants, the emails exchanged between their counsel are protected by attorney-client privilege; and

(3) the emails are irrelevant to the issue of Acceleration Bay's business operations.

### III. ARGUMENT

#### A. Confidential Communications Between Counsel for Acceleration Bay and its Litigation Funder are Non-Discoverable Work Product

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████ Upon the Court's request, Acceleration Bay will make the Diligence Emails available for *in camera* inspection to confirm that, to the extent they contain substantive content, they are attorney work product.[3]

As attorney work product, the Diligence Emails are not discoverable "absent a showing of substantial need, undue hardship, or inability to obtain their equivalent by other means." *WebXchange Inc. v. Dell Inc.*, 264 F.R.D. 123, 128 (2010) (denying motion to compel work-product); Fed. R. Civ. P. 26(b)(3). The Order does not identify any such need. Nor did Defendants make any showing of a substantial need for the work product in the Diligence Emails in their briefing. Indeed, they could not. ████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████ and withholding them would not impose an undue hardship on

---

[3] As noted above, Acceleration Bay already produced to Defendants the attachments to the Diligence Emails, and does not object to the portions of the Order requiring production of those attachments.

Defendants. Indeed, opposing counsel should not be permitted "to perform [their] functions . . . on wits borrowed from [their] adversary." *Hickman v. Taylor,* 329 U.S. 495, 516; 67 S.Ct. 385, 91 L.Ed. 451, (1947) (Jackson, J., concurring).

Emails from Acceleration Bay's counsel regarding ████████████████████ ████████████████████████████ are considered "core" work product that are afforded "***near absolute protection from discovery***":

> Rule 26(b)(3) establishes two tiers of protection: first, work prepared in anticipation of litigation by an attorney or his agent is discoverable only upon a showing of need and hardship; second, 'core' or 'opinion' work product that encompasses the 'mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation is generally afforded ***near absolute protection from discovery'***.

*In re Cendant Corp. Secs. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003) (emphasis added).

That Acceleration Bay's counsel sent the Diligence Emails to counsel for Hamilton Capital did not waive the work product immunity. "[T]o waive the protection of the work-product doctrine, the disclosure must enable an adversary to gain access to the information." *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991) (citing as example, *United States v. AT & T*, 642 F.2d 1285, 1299 (D.C. Cir. 1980). *See also* 8 Wright & Miller, § 2024 at 210 (citing cases). Here, confidential communications between counsel for Acceleration Bay and Hamilton Capital did not create any risk of these materials falling into the hands of Defendants.

Various court, including this District, have applied work product doctrine to documents shared with litigation funders and prohibit discovery into them, even without establishing a common interest:

> In the present case, the question is not whether Sanjeev/Softline and Som share a common interest in the litigation; rather, the question is whether Sanjeev/Softline and Som are adversaries. Certainly, Systems America does not contend that Sanjeev/Softline and Som are adversaries. Indeed, the documents that Systems

3

> America now seeks are only asserted to be relevant to the extent they show Som's bias *toward* Sanjeev/Softline. **As a result, the correspondence created by the attorney for Sanjeev/Softline does not lose the protection of the work product doctrine due to its disclosure to the attorney for Som**.

*Sys. Am., Inc. v. Tyagi*, No. 97-42, 1997 WL 35386736, at *5 (D. Del. Feb. 20, 1997) (emphasis added).

Similarly, the Northern District Court of Illinois found documents shared with litigation funders protected under the work product doctrine due to the expectation of confidentiality for such exchanges.  See *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 734-38 (N.D. Ill. 2014); *see also Devon IT, Inc. v. IBM Corp.*, No. 10–2899, 2012 WL 4748160, at *1 n.1 (E.D. Pa. Sept. 27, 2012) (finding communications with funders and funding agreement drafts to be protected as work product).

Accordingly, because the Diligence Emails contain work product, the Court should sustain Acceleration Bay's objection to producing them.

### B. The Common Interest Doctrine Extends Attorney-Client Privilege to Confidential Communications Between Counsel for Acceleration Bay and its Litigation Funder

Acceleration Bay further objects to production of the Diligence Emails on the independent ground that they are subject to attorney-client privilege under the common interest doctrine.  Under the common interest doctrine, these communications between counsel are privileged because Acceleration Bay and Hamilton Capital "share a common legal interest, or have a community of interest, with respect to the subject of the communications[]" and "'the nature of the interest [is] identical, not similar, and be legal, not solely commercial.'"  *In re Regents of Univ. of California*, 101 F.3d 1386, 1390 (Fed. Cir. 1996)(citation omitted).  Specifically, both Acceleration Bay and Hamilton Capital have an interest in the successful enforcement of the asserted patents against Defendants in the actions.

4

Under the prevailing view in Delaware and other courts, Acceleration Bay and Hamilton Capital hold a common legal interest sufficient to invoke the common interest doctrine. Recently, the Delaware Court of Chancery surveyed the relevant literature and cases and found that there is a community of legal interest between a patent owner and its litigation funder. *Carlyle Inv. Mgmt. L.L.C. v. Moonmouth Co. S.A.*, No. 7841-VCP, 2015 WL 778846, at *7 (Del. Ch. Feb. 24, 2015) (disallowing discovery into negotiation with litigation funder under common interest doctrine). The Delaware Court of Chancery criticized the *Leader Techs.* decision, upon which Defendants relied in arguing there is no common interest between a potential plaintiff and a potential funder. *Id.*; *see also id.* at n.48. Specifically, the Court of Chancery found that *Leader Tech.* and similar cases "do not analyze the work product issue thoroughly." *Id* at *7. After conducting a thorough analysis of the issue, the Court concluded that common interest applies in the context of litigation funder and patent holder. *Id.* at *9.

The Special Master cited to the Court's order in *Delaware Display Grp. LLC v. Lenovo Grp. Ltd., Lenovo Holding Co.* in finding there was no common interest between Acceleration Bay and Hamilton Capital, but that case is inapposite. Ex. A, (D.I. 361) at 6-7. In that case, the Court ordered production of teardown reports that were prepared by a third-party consultant (Acacia) on behalf of a third-party to the lawsuit (Rambus). No. 13-2108-RGA, 2016 WL 720977, at *5 (D. Del. Feb. 23, 2016). The Court found these reports were not work product because they were not prepared by counsel involved with the litigation (in contrast, here, the emails contain work product of litigation counsel). *Id.* at *3. Having found that the reports were not work product, the Court then declined to find common interest privilege between Rambus (former owner of the asserted patent) and its consultant Acacia, because their relationship was "commercial." *Id.* at *5. The key fact was that consultant "Rambus possesses no legal interest

5

in the patents-in-suit." *Id.* That is not the case here, where Acceleration Bay is plaintiff, and Hamilton Capital is plaintiff's litigation funder ███████████████████████████████ ████████████████████████████. Litigation funders provide funds "for the sake of securing, advancing, or supplying legal representation," and thus have a common legal interest with the plaintiffs they fund. *In re Regents of Univ. of California*, 101 F.3d at 1389. The Court's decision in *Delaware Display Group* is not to the contrary, because it did not address the issue of common interest between a plaintiff and its funder.

Acceleration Bay never waived privilege for its exchanges with Hamilton Capital. To the contrary, after receiving Defendants' request for production, Acceleration Bay asserted a variety of objections, including that Defendants "seek[] information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, or any other applicable law, privilege, doctrine, or immunity." Ex. C at Ex. 9 (4/3/17 Plaintiff's Objections and Responses to Third RFPDs) at 13.

Accordingly, the Court should sustain Acceleration Bay's objection to the Order on the grounds that the Diligence Emails it exchanged with Hamilton Capital are privileged under the common interest doctrine. To hold otherwise, would chill the free and frank exchange of information between prospective litigants and funders, and reduce such litigants' access to justice.

### C. The Diligence Emails Are Not Relevant

The Court should sustain Acceleration Bay's objections to the Order on the additional ground that the Diligence Emails are irrelevant to the limited scope of discovery permitted by the Court.

Defendants previously sought to compel production of materials exchanged with Hamilton Capital. In the motion papers associated with Special Master Order No. 6, Defendants

confirmed that they were not seeking production of emails exchanged between Acceleration Bay and Hamilton Capital. Ex. D at Ex. 3 (Def. 7/5/17 Br. "F") at 4 ("Defendants are not moving to compel on emails"). The Special Master ultimately ordered production of various materials associated with Acceleration Bay's funding. In overruling Acceleration Bay's objections to producing those documents, the Court held that "Plaintiff need not produce any of the requested documents, as they are not relevant to the issues that will remain in the case. If, however, Plaintiff wants to be able to argue that it should be allowed to present evidence at trial that it is an 'operating company,' then it must comply with the Special Master's Order as to the other three RFPs." Ex. E (D.I. 285) at 3.

Here, even if Defendants had not excluded the emails exchanged between Acceleration Bay and Hamilton Capital from their prior motion, they would not have been covered by the Court's order because they have no bearing on the nature of Acceleration Bay's operational activities. The Court can confirm this fact through *in camera* review of the emails. Therefore, other than containing non-discoverable work-product and privileged communications, the Diligence Emails are not relevant to any issue in the case, and there is no basis to compel their production.

## IV.   CONCLUSION

For the reasons set forth above, the Court should sustain Acceleration Bay's limited objections to Special Master No. 13.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Paul J. Andre<br>Lisa Kobialka<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>990 Marsh Road<br>Menlo Park, CA 94025<br>(650) 752-1700<br>pandre@kramerlevin.com<br>lkobialka@kramerlevin.com | By: */s/ Philip A. Rovner*<br>    Philip A. Rovner (#3215)<br>    Jonathan A. Choa (#5319)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, DE  19899<br>    (302) 984-6000<br>    provner@potteranderson.com<br>    jchoa@potteranderson.com |
| Aaron M. Frankel<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9100<br>afrankel@kramerlevin.com | *Attorneys for Plaintiff*<br>ACCELERATION BAY LLC |

Dated:  December 13, 2017
Public version dated: December 21, 2017
5585088