IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACCELERATION BAY LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 16-453-RGA |
| | : | |
| ACTIVISION BLIZZARD, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

The Court has considered Defendant's letter and Plaintiff's letter. (No. 16-453, D.I. 407 & 408). The Court has reviewed Mitzenmacher's Report. It does not seem to offer very much that is new. Therefore, on this record, the Court is not going to strike Mitzenmacher's Report.

The Court is, nevertheless, concerned that Plaintiff's national counsel cannot be relied upon for "candor to the tribunal." Two recent incidents highlight the problem.

Due Diligence with Hamilton Capital. On February 11, 2016, counsel wrote to the Court, in connection with a discovery dispute, "Acceleration Bay has already represented that there have been no exchanges of diligence information regarding the Asserted Patents between Acceleration Bay and Hamilton Capital or Boeing." (No. 16-455, D.I. 340-1 at 83). As time passed, "no exchanges" have become "limited documents." "Acceleration Bay already produced the limited documents that its counsel provided to Hamilton Capital in connection with due diligence." (No. 16-453, D.I. 379, p.1). The dispute now is about whether eight email chains (which Acceleration Bay chooses to label the "Diligence Emails, " see No. 16-453, D.I. 379, p.2) that seem to have gone along with these "limited documents" must be produced.

Limiting Preamble. Without belaboring the point, counsel for Plaintiff stated that Plaintiff had reached agreement on a claim construction, and that "some terms [could be taken] off the table." (No. 16-453, D.I. 391 at 6). Counsel referred to Defendants' earlier submission (D.I. 381), which had "proposed construction[s] pursuant to Dec. 12 Oral Order." For the two disputed terms, each "proposed construction" began, "The preamble is limiting." In the Court's experience, any honest patent lawyer would agree that whether a preamble is limiting is classic claim construction. Thus, even leaving aside the history alleged in Defendants' most recent submission (No. 16-453, D.I. 420), Plaintiff's lawyers's revisionist history makes no sense. It does not take a term off the table to say that we can continue to dispute whether it is limiting, and it also makes no sense to go through a lengthy hearing and never revisit terms 24 and 25 if counsel honestly thought its limiting status remained in dispute. Counsel's actions speak more loudly than his words.

The Court expects better from Plaintiff's counsel.

IT IS SO ORDERED this 17 day of January 2018.

Richard G. Andrews
United States District Judge