1             IN THE UNITED STATES DISTRICT COURT

2             IN AND FOR THE DISTRICT OF DELAWARE

3                          - - -

4
     ACCELERATION BAY LLC,          :   CIVIL ACTION
5                                   :
                    Plaintiff,      :
6                                   :
           vs.                      :
7                                   :
     ACTIVISION BLIZZARD, INC.,     :
8                                   :
                    Defendant.      :   NO. 16-453 (RGA)
9

10                         - - -

11                              Wilmington, Delaware
                                Friday, April 20, 2018
12                              9:05 o'clock, a.m.

13                         - - -

14   BEFORE:  HONORABLE RICHARD G. ANDREWS, U.S.D.C.J.

15                         - - -

16   APPEARANCES:

17             POTTER, ANDERSON & CORROON LLP
               BY:  PHILIP A. ROVNER, ESQ.
18

19
                    -and-
20

21

22

23

24                              Valerie J. Gunning
                                Official Court Reporter
25

```
 1    APPEARANCES (Continued):

 2
                      KRAMER LEVIN NAFTALIS & FRANKEL LLP
 3                    BY:  PAUL J. ANDRE, ESQ. and
                           LISA J. KOLBIALKA, ESQ.
 4                         (Menlo Park, California)

 5
                              -and-
 6

 7                    KRAMER LEVIN NAFTALIS & FRANKEL LLP
                      BY:  AARON M. FRANKEL, ESQ. and
 8                         CRISTINA L. MARTINEZ, ESQ.
                           (New York, New York)
 9

10                         Counsel for Plaintiff

11

12                    MORRIS, NICHOLS, ARSHT & TUNNELL  LLP
                      BY:  JACK B. BLUMENFELD, ESQ. and
13                         STEPHEN J. KRAFTSCHIK, ESQ.

14
                              -and-
15

16                    WINSTON & STRAWN LLP
                      BY:  DAVID P. ENZMINGER, ESQ. and
17                         MICHAEL A. TOMASULO, ESQ.
                           (Los Angeles, California)
18

19                            -and-

20
                      WINSTON & STRAWN LLP
21                    BY:  KATHLEEN BARRY, ESQ.
                           (Chicago, Illinois)
22

23                            -and-

24

25
```

```
 1     APPEARANCES (Continued):

 2
                   WINSTON & STRAWN LLP
 3                 BY:  MICHAEL M. MURRAY, ESQ.
                       (New York, New York)
 4

 5                         -and-

 6
                   SHOOK, HARDY & BACON
 7                 BY:  B. TRENT WEBB, ESQ.
                       (Kansas City, Missouri).
 8

 9                     Counsel for Defendant

10
                          -   -   -
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                    P R O C E E D I N G S

2

3              (Proceedings commenced in the courtroom,

4    beginning at 9:05 a.m.)

5

6              THE COURT:  Good morning, everyone.  Please be

7    seated.

8              So this is the time scheduled for the pretrial

9    conference in Acceleration Bay versus Activision.

10             Can we just have on the record who is here,

11   please?

12             Mr. Rovner?

13             MR. ROVNER:  Good morning, Your Honor.  Phil

14   Rovner from Potter Anderson for plaintiff, Acceleration Bay,

15   and with me from Kramer Levin is Paul Andre, Lisa Kobialka,

16   Cristina Martinez, and Aaron Frankel.

17             THE COURT:  All right.  Good morning to you

18   all.

19             MR. BLUMENFELD:  Good morning, Your Honor.

20             THE COURT:  Mr. Blumenfeld?

21             MR. BLUMENFELD:  Good morning, Your Honor.  Jack

22   Blumenfeld from Morris Nichols for Activision.

23             At the front table, David Enzminger from Winston

24   & Strawn, Trent Webb from Shook Hardy & Bacon.

25             At the second table, Mike Tomasulo, Kathleen

08:04:57  1    Barry and Mike Murray, all from Winston & Strawn.

08:04:59  2                And then in the second row in the back, Steve

08:05:03  3    Kraftschik from Morris Nichols and Omar Zalick and Julia

08:05:10  4    Kazaks from Activision.

08:05:10  5                THE COURT:  All right.  Well, good morning to

08:05:12  6    you all, too.

08:05:13  7                All right.  So I don't have too much time this

08:05:15  8    morning.

08:05:21  9                So it's possible that, or, in fact, probable

08:05:26  10   that I will have the opinions on the summary judgment and

08:05:30  11   Daubert out by the end of next week.  I expect that I will

08:05:36  12   also make some ruling on the motions in limine by the end of

08:05:40  13   next week.

08:05:49  14                And I see there are a few other disputes in the

08:05:52  15   pretrial order.  And I also have the letters about the

08:05:58  16   damages report of Ms. Meyer that I issued an oral order on.

08:06:12  17                But I think the main thing actually is that

08:06:19  18   notwithstanding all of that, there's another trial ahead of

08:06:27  19   you next week, and they aren't showing any signs of going

08:06:34  20   away.

08:06:34  21                So I'm thinking that maybe we -- so I'm

08:06:39  22   perfectly happy to keep you on.  Maybe they will go away,

08:06:42  23   but I could also be persuaded very easily to give you

08:06:46  24   another date.

08:06:48  25                What do you want to do?

| | | |
|---|---|---|
| 08:06:50 | 1 | MR. ANDRE:  Well, Your Honor, Paul Andre. |
| 08:06:56 | 2 | I know what defendants are going to do, |
| 08:06:59 | 3 | obviously, but we would like to keep the trial date, but we |
| 08:07:02 | 4 | do have some issues about hotel reservations and that kind |
| 08:07:06 | 5 | of stuff. |
| 08:07:08 | 6 | If we don't get the cancellation by the end of |
| 08:07:10 | 7 | business today, then we're on the hook for all the cost.  So |
| 08:07:13 | 8 | if we could lock in a date in the near future, that would be |
| 08:07:17 | 9 | our preference. |
| 08:07:17 | 10 | THE COURT:  Well, so I have -- the one date that |
| 08:07:19 | 11 | I have in the near future is June 25th.  I mean, I've got |
| 08:07:28 | 12 | trial scheduled every other week.  Some of them will go |
| 08:07:32 | 13 | away, but they're just like the trial next week, or the |
| 08:07:35 | 14 | trial the week after next.  You just don't know.  But |
| 08:07:39 | 15 | June 25th, there's nothing else, no other trials on my |
| 08:07:42 | 16 | calendar, so that date is available. |
| 08:07:48 | 17 | MR. ANDRE:  Can I check our calendar, sir? |
| 08:07:50 | 18 | THE COURT:  Yes. |
| 08:07:51 | 19 | MR. ENZMINGER:  Your Honor, we'll check the |
| 08:07:52 | 20 | calendars for June 25th as well.  Just a survey of counsel, |
| 08:07:57 | 21 | it seems like it might work. |
| 08:08:00 | 22 | One date we know works is August 27th, because |
| 08:08:04 | 23 | all of the lawyers in this case and the Court already have |
| 08:08:08 | 24 | that date blocked out. |
| 08:08:09 | 25 | THE COURT:  Right.  Well, you say blocked out. |

08:08:12   1   Let me just check and see how realistic that is.  You might

08:08:21   2   be right.

08:08:23   3              Unfortunately, I've got a Hatch-Waxman trial

08:08:26   4   that I had to reschedule for that, which I've already

08:08:29   5   rescheduled at least once, so you're not actually first on

08:08:33   6   that date either.

08:08:34   7              MR. ENZMINGER:  Okay.

08:08:37   8              THE COURT:  And those people, I think, are more

08:08:40   9   likely to go to trial than the people that are currently

08:08:44   10  ahead of you for the week after next, but I don't know about

08:08:47   11  that either.

08:08:53   12             MR. ENZMINGER:  We would take June 25th.

08:08:56   13             THE COURT:  All right.  Well, I know you have

08:08:59   14  experts and the like that you need to probably check on, but

08:09:04   15  as far as I know, my staff hasn't offered that date to

08:09:08   16  anyone else.

08:09:18   17             So if you want to say -- if it's tentatively

08:09:23   18  good for you, and if you want to reserve the right to check

08:09:26   19  and get back to me on Monday or something like that, that

08:09:29   20  would be fine.

08:09:29   21             MR. ANDRE:  Your Honor, we can see if we can

08:09:32   22  move things around, but we anticipate this might happen.  It

08:09:36   23  looks like we would lose at least three, possibly four of

08:09:39   24  our experts on that week, so I know that I have a, part of

08:09:44   25  the team will be on honeymoon, so -- not me.

| | |
|---|---|
| 08:09:51 | 1 |
| 08:09:53 | 2 |
| 08:09:57 | 3 |
| 08:09:59 | 4 |
| 08:10:01 | 5 |
| 08:10:03 | 6 |
| 08:10:12 | 7 |
| 08:10:21 | 8 |
| 08:10:25 | 9 |
| 08:10:53 | 10 |
| 08:10:58 | 11 |
| 08:11:03 | 12 |
| 08:11:07 | 13 |
| 08:11:20 | 14 |
| 08:11:31 | 15 |
| 08:11:35 | 16 |
| 08:11:39 | 17 |
| 08:11:48 | 18 |
| 08:11:51 | 19 |
| 08:11:57 | 20 |
| 08:12:00 | 21 |
| 08:12:02 | 22 |
| 08:12:06 | 23 |
| 08:12:07 | 24 |
| 08:12:08 | 25 |

THE COURT:  I assumed it was one of the others.

MR. ANDRE:  Yes.  So I don't know if June 25th is going to work.  The dates we have are, I don't know, like July 16th or --

THE COURT:  Yes.  See, unfortunately, those dates, the middle of the summer don't really work for me. I mean, really, I had, sort of have dates in early September, but I filled that in with another trial that I had to bump.

So these things tend to go away, but the only weeks that I'm looking at in the future that are theoretically available is the week of September 10th, which starts with Rosh Hashana, and the week of November 5th, which has Election Day on November 6th.  Actually, I've got actually quite a bit of free time that week and the following week, and, of course, Election Day and Veteran's Day, they can be skipped.

Actually, so any time in the November 5th through November 21st, there's a day here or there that is a holiday, but actually, no trials scheduled.

MR. ENZMINGER:  We have another related case in this case is set for October 27th or 29th, something like that, Take 2.

THE COURT:  Yes.

MR. ENZMINGER:  So we have that week available.

08:12:09   1          THE COURT:  You are right.  That is on my

08:12:11   2    calendar.  That is actually unconflicted unless you count

08:12:14   3    Halloween as a conflict.

08:12:16   4          MR. ENZMINGER:  I don't count Halloween as a

08:12:18   5    conflict.

08:12:19   6          THE COURT:  But that one is sitting there.  That

08:12:21   7    one has no competition.  And just when I was looking, I was

08:12:25   8    looking for free weeks.

08:12:27   9          MR. ENZMINGER:  Right.

08:12:27  10          THE COURT:  So --

08:12:28  11          MR. ENZMINGER:  So we know that that week works

08:12:30  12    for everyone on this trial team on both sides.

08:12:36  13          MR. ANDRE:  Your Honor, I think at this point,

08:12:40  14    if June is the only day you can confirm before November, I

08:12:44  15    think what we would prefer to do is, for the time being,

08:12:51  16    roll this trial back to August, the next trial date we

08:12:54  17    have, I know we're double-booked on that one, and then have

08:12:57  18    another pretrial conference and see if we can't -- maybe the

08:13:02  19    Hatch-Waxman case goes away.

08:13:05  20          THE COURT:  I mean, it's possible.  They do

08:13:06  21    settle -- I mean, a lot of them do settle, but most of

08:13:09  22    them that are going to settle, settle before -- I mean, I

08:13:14  23    can't remember whether I had a pretrial conference in that

08:13:16  24    or I continued it around about that time.

08:13:18  25          MR. ANDRE:  All right.

08:13:18  1      THE COURT:  In fact, I don't think I had the

08:13:20  2  pretrial conference because I don't think I decided the

08:13:22  3  motions in limine that one either.

08:13:25  4      But I'm perfectly happy to -- you are on the

08:13:29  5  calendar for that date.  I don't know.

08:13:33  6      The other defendants, do you all represent the

08:13:35  7  other defendants?

08:13:36  8      MR. ENZMINGER:  We do, and we've checked with

08:13:38  9  them, and this would be acceptable to them.

08:13:40  10      THE COURT:  Okay.

08:13:40  11      MR. ANDRE:  So if we move -- we can kind of keep

08:13:44  12  shuffling the deck back further if we have to, but reserve

08:13:48  13  the August date for Activision, take the -- did you say you

08:13:53  14  had a date in -- was it September?

08:13:58  15      THE COURT:  Well, Rosh Hashanah, the week of

08:14:04  16  September 10th.

08:14:05  17      MR. ANDRE:  And that would come around with the

08:14:07  18  other trials.

08:14:08  19      THE COURT:  Yes, it would.

08:14:10  20      MR. ENZMINGER:  Yes, so that would be a problem

08:14:13  21  for us.

08:14:13  22      MR. ANDRE:  So maybe take the August date for

08:14:15  23  Activision, the October date for EA, and then the date in

08:14:19  24  November you said is open.

08:14:20  25      THE COURT:  Yes.  I mean, if you wanted to try

08:14:22  1   to create some space between the second date, or the

08:14:27  2   October 29th date, given where Thanksgiving is and given

08:14:32  3   what my schedule is, we could set it on that if it would

08:14:37  4   worked for you on November 13th, which is Tuesday, the

08:14:40  5   Tuesday after Veteran's Day, which is a federal holiday, and

08:14:44  6   that it would go into the week of Thanksgiving.

08:14:49  7                MR. ANDRE:  That should be fine.  Thank you.

08:14:52  8                MR. ENZMINGER:  From our perspective, that's a

08:14:53  9   little tight because their products in that case don't

08:14:57  10  overlap at all with the second trial, and you are talking

08:14:59  11  about finishing one trial and starting the other a week

08:15:02  12  later, two weeks later.

08:15:04  13               THE COURT:  Well, it's an amazing thing.

08:15:11  14  Actually, I hate to break up this beautiful thing, but

08:15:16  15  as I'm looking at it now as I scroll down, I'm also free

08:15:20  16  the week of November 26th, which is the week after

08:15:23  17  Thanksgiving if you wanted to create a little more space

08:15:26  18  in between the schedule, so we can start that on Monday,

08:15:32  19  November 26th.

08:15:35  20               MR. ENZMINGER:  I was actually handed a note

08:15:38  21  that one of our key witnesses on the Destiny product is not

08:15:42  22  available in August.

08:15:44  23               THE COURT:  Okay.  When you say one of your key

08:15:52  24  witnesses, one of your experts or a fact witness?

08:15:54  25               MR. ENZMINGER:  No.  He is the Bungie fact --

08:15:56  1   remember Destiny is a game that isn't an Activision game.

08:16:00  2          THE COURT:  I've seen that, yes.

08:16:01  3          MR. ENZMINGER:  Mr. Wolfson is the Destiny

08:16:04  4   engineer at Bungie Corporation.

08:16:11  5          THE COURT:  Well, so how wedded are you to

08:16:18  6   having the Activision trial go first, because as you say, we

08:16:23  7   already -- well, actually, why don't we do this, because

08:16:31  8   this is probably inefficient use of all of our time here to

08:16:34  9   try to do this like this.

08:16:37  10          I've got available, and the only reason that I

08:16:40  11   say this, is that I actually hesitate to say this is because

08:16:45  12   I'm not entirely sure -- well, so we've got the week of

08:16:52  13   August 29th, or 27th, that somebody scheduled for then.

08:17:02  14          We for sure have the week of October 29th.  I'm

08:17:09  15   telling you that I can do at this point any five days that

08:17:14  16   don't involve holidays starting in November.

08:17:25  17          Maybe we're not wedded to dog this in the

08:17:29  18   order in which they are currently scheduled to be done if

08:17:34  19   there's some key witness who is not available for one or

08:17:36  20   the other?

08:17:40  21          MR. ENZMINGER:  I think on that, yes.  I mean, I

08:17:47  22   think one of the better ways to approach this is we can

08:17:50  23   maybe talk to the witnesses and find out what unavailable

08:17:53  24   really means.

08:17:55  25          THE COURT:  Okay.

08:17:56   1       MR. ENZMINGER:  I can't say we're willing to

08:17:59   2   switch the order of the trials right now because two of the

08:18:04   3   clients that would have to be part of that decision aren't

08:18:06   4   here.

08:18:07   5       THE COURT:  All right.  Okay.  So can I ask that

08:18:20   6   you all go and talk to your various clients and talk to,

08:18:23   7   figure out your various witnesses and see if you can't pick

08:18:28   8   some date, even though if the insistence is that Activision

08:18:32   9   has to go first, then it's a slightly risky thing to slot

08:18:36  10   that into the week where I already have another trial

08:18:40  11   scheduled, because then you risk the dominoes falling again.

08:18:46  12       MR. ENZMINGER:  Right.

08:18:49  13       So, Mr. Andre, do you care who goes first?

08:18:52  14       MR. ANDRE:  We would like to take them the order

08:18:53  15   that we filed them.  We would like to have Activision go

08:18:56  16   first.

08:18:56  17       THE COURT:  Both sides want Activision to go

08:18:58  18   first?

08:18:59  19       MR. ANDRE:  Yes.

08:18:59  20       MR. ENZMINGER:  I don't necessarily know that.

08:19:01  21   We've been operating under that assumption.

08:19:03  22       MR. ANDRE:  We finished all of the expert

08:19:04  23   discovery.  Everything is done.  It's just the way the case

08:19:08  24   is scheduled.

08:19:09  25       MR. ENZMINGER:  That's actually not true.  There

08:19:11   1   are two expert reports that they are intending to submit

08:19:13   2   next week, so that will require another round of expert

08:19:15   3   rebuttal reports, sponsor reports, and another round of

08:19:19   4   expert depositions.

08:19:23   5              THE COURT:  All right.  Well, in any event, why

08:19:31   6   don't you see if you can't find -- well, if it's true that

08:19:53   7   both sides want Activision to go first, then I would

08:19:59   8   suggest, unless you come up with something better, that you

08:20:05   9   put that in the October 29th week, where we at least know

08:20:13   10  all the lawyers are available, and come up with one of the

08:20:22   11  other trials to be around about November 26th, which would

08:20:27   12  give you a month in between, and the third one, you can

08:20:32   13  schedule that for some time in early 2019.  That would be my

08:20:46   14  suggestion.

08:20:46   15             MR. ENZMINGER:  That would be fine with us, Your

08:20:47   16  Honor.

08:20:47   17             MR. ANDRE:  Your Honor, we'll talk to the other

08:20:49   18  side here and see if we can't work something out.

08:20:51   19             THE COURT:  Okay.  All right.

08:20:55   20             Okay.  So you come up with the weeks, and I will

08:21:03   21  reschedule the pretrial conference for this case.

08:21:08   22             I have read the letters relating to Dr. Meyers'

08:21:17   23  supplemental report.  When I issued an oral order a week

08:21:28   24  ago, whenever it was, I had not been aware that this was an

08:21:30   25  issue before the Special Master at all.  I did, when I read

08:21:35   1   the letters, I believe, look at some of the things the

08:21:38   2   parties cited about what the Special Master had, and then I

08:21:43   3   got a letter, I think, signed by Mr. Blumenfeld saying you

08:21:47   4   would be prepared to talk about it today.

08:21:50   5           Do you want to talk about it today?

08:21:53   6           MR. ENZMINGER:  Yes.

08:21:54   7           THE COURT:  Okay.  Well, talk.

08:21:56   8           MR. ENZMINGER:  Okay.  We moved to exclude

08:22:00   9   Dr. Meyer on a number of grounds, but primarily on the

08:22:04   10  grounds that she used illegally incorrect, an undeniably

08:22:08   11  illegally and incorrect hypothetical negotiation date, and

08:22:15   12  did no hypothetical negotiation date analysis.

08:22:16   13          THE COURT:  All right.  So I mean, I skimmed

08:22:17   14  through the supplemental report and I saw basically, which

08:22:22   15  is, I think, what the plaintiff represented in its letters

08:22:26   16  more or less, which is there was some kind of in the

08:22:28   17  alternative analysis at some earlier point, and that she has

08:22:41   18  now said more explicitly whatever it is that she said using

08:22:46   19  various dates going back, I think, to 2004.

08:22:50   20          MR. ENZMINGER:  Except that she hasn't done an

08:22:51   21  analysis.

08:22:52   22          If you look at what she has actually done --

08:22:54   23          THE COURT:  And all I looked at was the

08:22:56   24  supplemental report.

08:22:57   25          MR. ENZMINGER:  Right.  Right.  But there's no

08:22:58   1   analysis in the supplemental report either.

08:23:00   2           What she has done is, she said, I was told to

08:23:02   3   use --

08:23:04   4           THE COURT:  Right.  I got that part.

08:23:05   5           MR. ENZMINGER:  Yes.  And as far as the earlier

08:23:07   6   dates, all she's doing is arithmetic.  She's saying, I

08:23:11   7   determined the royalty as of May, or March 2015, and if I

08:23:16   8   have to use an earlier date because Ms. Lawton is correct,

08:23:20   9   then I use a discounting factor to discount the royalty that

08:23:23   10  I came up with.  And I don't have to change my royalty,

08:23:26   11  because under the book of wisdom, the negotiators would know

08:23:30   12  all facts at all times.

08:23:31   13          That is not the law of the Federal Circuit.

08:23:34   14  That is not a hypothetical negotiation date.  We're putting

08:23:38   15  the parties at the time of the hypothetical negotiation.

08:23:41   16  And it's also not the right parties.

08:23:43   17          As you said in the oral order, presumably,

08:23:46   18  Boeing is the right party, and that's not addressed in her

08:23:49   19  supplemental response at all.

08:23:51   20          THE COURT:  Well, okay.  All right.  Mr. Andre

08:23:57   21  or Ms. Kobialka?

08:23:59   22          MS. KOBIALKA:  Yes, that's correct.  Thank you,

08:24:02   23  Your Honor.

08:24:03   24          I think they are just trying to reargue what

08:24:05   25  they had put in their initial Daubert motion.  She had done

08:24:08   1   an analysis of different hypothetical negotiation dates.

08:24:12   2   She did start with the date of infringement, but throughout

08:24:16   3   her report, she notes when the accused products were

08:24:19   4   released, the ones that we were talking about, and we have

08:24:22   5   specific dates.

08:24:23   6           She explicitly set that forth in her

08:24:25   7   supplemental report, which comes directly from her original

08:24:28   8   report giving the dates of the --

08:24:32   9           THE COURT:  Is her complete original report, or

08:24:34  10   I mean actually, all of her reports, is it in the record

08:24:37  11   somewhere?

08:24:38  12           MS. KOBIALKA:  I believe it's all attached to

08:24:41  13   the Daubert/summary judgment motions.

08:24:43  14           THE COURT:  Okay.  Not excerpts, but the whole

08:24:46  15   thing?

08:24:48  16           MS. KOBIALKA:  I would have to go back and

08:24:50  17   double-check.  I think a fair bit of it was attached.

08:24:53  18           MR. ROVNER:  I don't think it's the entire, all

08:24:55  19   of the reports in their entirety.

08:24:56  20           THE COURT:  Right.

08:24:56  21           MR. ENZMINGER:  I believe we may have attached

08:24:58  22   the entire thing.

08:25:05  23           MS. KOBIALKA:  Do you want me to double-check

08:25:06  24   right now?  And I'm happy to provide you with a copy, too,

08:25:09  25   if you would like.

08:25:10  1          THE COURT:  So presumably, this is, presumably,

08:25:14  2   she wrote a report and then she wrote a reply report.

08:25:16  3          Now this is the third report, the supplemental

08:25:22  4   report.

08:25:22  5          Is that how many reports she has written?

08:25:25  6          MS. KOBIALKA:  Yes.  That third one based on

08:25:27  7   your order.

08:25:27  8          THE COURT:  Right.  I understood.

08:25:30  9          Well, it would be helpful if I had a complete

08:25:37  10  copy of opening and the expert report, or opening and reply

08:25:42  11  reports, and I don't know so far whether or not they are in

08:25:51  12  the record or not, but if they're not, I would like to have

08:25:54  13  the entire thing.  And if they are, then I would just like

08:25:57  14  to have it cited to me exactly where I would find it.

08:26:00  15          MS. KOBIALKA:  So we'll go ahead and provide

08:26:02  16  that to you.  I will make sure that's for you in the record.

08:26:04  17  We'll cite where it is in the record.  If not, we'll submit

08:26:07  18  it and give you the citations of her analysis regarding the

08:26:10  19  hypothetical negotiation date.  I think that should take

08:26:12  20  care of it.

08:26:12  21          THE COURT:  All right.  Mr. Enzminger, do you

08:26:15  22  have anything more to say right now?

08:26:18  23          MR. ENZMINGER:  On that issue, no, but I would

08:26:20  24  request, since we now have a little bit of breathing room,

08:26:23  25  perhaps we can set a hearing date for summary judgment, if

08:26:26  1    the Court is inclined to have oral argument.

08:26:28  2              THE COURT:  Unfortunately, I've been tied up for

08:26:33  3    awhile, which is the reason why we've been working on the

08:26:39  4    summary judgments without argument.  However, since I'm

08:26:57  5    creating some time here, I think actually, it would be

08:27:03  6    helpful to have argument on the motions.

08:27:13  7              Let me just see.  But it could be in the fairly

08:27:16  8    near future.

08:27:16  9              Let me see.  What is today?  Today is April

08:27:19  10   the 20th.  When I say in the fairly near future, I mean, for

08:27:39  11   example, that I could hear argument probably -- hold on a

08:27:57  12   minute.  I could hear argument on May 17th in either the

08:28:16  13   late morning or the early afternoon.

08:28:25  14             I could probably actually hear argument on

08:28:37  15   May 8th, or I could hear argument on -- or the morning on

08:29:12  16   May 21st.

08:29:14  17             MR. ANDRE:  Your Honor, I am going to weigh on

08:29:18  18   this very quickly.  I think you can decide these on the

08:29:21  19   papers, but if we want to have a hearing, sooner is better.

08:29:24  20             One thing I know about these defendants is if

08:29:27  21   you give them more time, there will be ten more summary

08:29:30  22   judgments filed.  There will be a lot more briefing.

08:29:32  23             THE COURT:  Well, no.  The number of filings is

08:29:34  24   done.

08:29:34  25             MR. ANDRE:  Okay.

08:29:35   1      MR. ENZMINGER:  That's actually not entirely

08:29:36   2  correct, because we have one that we have been given leave

08:29:40   3  to file.

08:29:41   4      THE COURT:  What are you talking about?

08:29:43   5      MR. ENZMINGER:  On term 4 for claim 13 of the

08:29:48   6  '344 and '966 patents.

08:29:51   7      THE COURT:  Oh, I thought that was -- didn't you

08:29:52   8  attach whatever it was you --

08:29:56   9      MR. ENZMINGER:  We did, but then the Court gave

08:29:56  10  the other side leave to file new expert reports on that

08:29:59  11  claim, which will now require us to evaluate those reports.

08:30:02  12      THE COURT:  All right.  That's a very limited

08:30:03  13  issue.  I'm not too worried about that.

08:30:05  14      MR. ENZMINGER:  Okay.  The May 17th or May 21st

08:30:08  15  dates work for us.

08:30:09  16      May 21st is a little bit better, but May 17th

08:30:12  17  works as well.

08:30:13  18      THE COURT:  What about May 8th?

08:30:14  19      MR. ENZMINGER:  With some personal

08:30:19  20  inconvenience, we can make it work, but it's not preferred

08:30:21  21  of the three.

08:30:22  22      THE COURT:  All right.  Mr. Andre, what about

08:30:23  23  the May 17th?

08:30:25  24      MR. ANDRE:  I can make the 17th work, Your

08:30:27  25  Honor.

08:30:27  1        THE COURT:  All right.

08:30:28  2        MR. ANDRE:  I have a motion to dismiss hearing

08:30:30  3   in San Francisco, but I can probably get someone else to

08:30:33  4   jump on that one.

08:30:34  5        THE COURT:  All right.  So how about May 17th.

08:30:38  6   Actually, why don't we schedule it for 1:00 o'clock.

08:30:40  7        MR. ENZMINGER:  Okay.

08:30:47  8        THE COURT:  And I'm optimistic that sometime

08:30:49  9   before we get there, I might be able to issue just a little

08:30:53  10  order directing what I'm actually interested in hearing on

08:30:56  11  you from, because there's an awful lot of things raised in

08:31:00  12  the summary judgment brief that, to put it bluntly, they're

08:31:06  13  not sufficiently fleshed out in the summary judgment brief,

08:31:09  14  so that one could rule in favor of the proponent.  And I

08:31:18  15  don't really regard this as an opportunity to put in an

08:31:22  16  argument that might have been put in the argument the first

08:31:25  17  time.  This is more for the acts that are actually developed

08:31:28  18  that I think are close, or that I would just like to make

08:31:31  19  sure that my understanding of what each side is saying is

08:31:34  20  correct.

08:31:34  21        So I anticipate that I will give you some

08:31:43  22  indication of what would be useful to me.  Okay?

08:31:46  23        MR. ENZMINGER:  That would be terrific.

08:31:48  24        THE COURT:  All right.  Is there anything else

08:31:50  25  you want to talk about this morning?

| | | |
|---|---|---|
| 08:31:52 | 1 | MR. ANDRE:  Nothing, Your Honor. |
| 08:31:54 | 2 | THE COURT:  Okay.  All right.  Sorry.  All |
| 08:32:00 | 3 | right.  Well, let's do that. |
| 08:32:03 | 4 | So we've got argument on May 17th, and just to |
| 08:32:09 | 5 | make sure, because my notes are incomplete, you're going to |
| 08:32:14 | 6 | check into these trial dates and get back with my staff. |
| 08:32:17 | 7 | Right? |
| 08:32:17 | 8 | MR. ENZMINGER:  Yes. |
| 08:32:17 | 9 | THE COURT:  Okay.  All right.  Thank you for |
| 08:32:20 | 10 | your time this morning. |
| 08:32:22 | 11 | MR. ENZMINGER:  Thank you. |
| 08:32:29 | 12 | (Hearing concluded at 9:33 a.m.) |
| 08:32:29 | 13 | - - - |
| | 14 | |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |