IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ACCELERATION BAY LLC,

    Plaintiff,

v.

ACTIVISION BLIZZARD INC.,

    Defendant.

Civil Action No. 1:16-cv-00453-RGA

MEMORANDUM ORDER

Pending before the Court are Acceleration Bay's Motion for Reconsideration of the Court's Memorandum Opinion (D.I. 692) Striking the SEER-SEM Methodology Used by Dr. Ricardo Valerdi (D.I. 695) and Motion for Leave to File Reply (D.I. 697). I have reviewed the parties' briefing and related papers. (D.I. 695, 696, 697, 698, 701).

I. **BACKGROUND**

In my September 4, 2019 Memorandum Opinion, I excluded Dr. Parr's "cost saving" reasonable royalty opinions as they depended entirely on Dr. Valerdi's calculations. (D.I. 692 at 7). I determined that Dr. Valerdi's cost savings conclusions were "inherently untestable" because "Dr. Valerdi does not articulate any characteristics of a non-infringing network and, indeed, adopts the position that such a network does not exist." (*Id.*). I concluded that, because Dr. Valerdi's opinion was "speculative, untestable, and divorced from the facts of the case," it was not a proper basis for assessing costs saved by using an accused infringing technology. (*Id.*). Plaintiff now asks me to reconsider this decision. (D.I. 695).

## II. LEGAL STANDARD

A motion for reconsideration is only appropriate to "correct a clear error of law or to prevent a manifest injustice in the District Court's original ruling. Such motions are granted for 'compelling reasons,' such as a change in the law which reveals that an earlier ruling was erroneous, not for addressing arguments that a party should have raised earlier." *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (cleaned up). Accordingly, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## III. DISCUSSION

Plaintiff asks that I reconsider my decision to strike the SEER-SEM methodology used by Dr. Valerdi because I "misapprehended" the SEER-SEM methodology. (D.I. 695 at 1). Plaintiff's motion explains that the SEER-SEM methodology is widely used to estimate the cost of building new software, but the motion fails to show that I "need to correct a clear error of . . . fact." (*Id.* at 3-4).

Plaintiff has not demonstrated that clear error led me to determine that Dr. Valerdi's cost savings conclusions do "not articulate any characteristics of a non-infringing network." (D.I. 692 at 7). Plaintiff's reliance on *Prism Techs. LLC v. Sprint Spectrum LP*, 849 F.3d 1360 (Fed. Cir. 2017), ignores the fact that the expert's estimation in that case was "based on [the defendant's] particular technical requirements" as opposed to generic ones. *Prism*, 849 F.3d at 1376. Because Plaintiff has not established that Dr. Valerdi's cost savings opinion was reliable

2

in estimating the cost of building any particular non-infringing alternative, Plaintiff has not demonstrated that I made a clear error in need of correction.

Plaintiff has similarly made no showing of clear error in my exclusion of Mr. Parr's maintenance cost-based damages opinion. This opinion relies on Dr. Valerdi's calculations of the "cost of ongoing maintenance for the theoretical non-infringing alternative." (D.I. 695 at 10). It is no more reliable to calculate the cost of maintaining a theoretical non-infringing network—which might not be able to exist—than it is to calculate the cost of building that same theoretical non-infringing network.

Plaintiff does not claim an intervening change in controlling law or that new evidence has become available since September 4, 2019 which would warrant reconsideration. Plaintiff has failed to demonstrate that there is error of law that requires my correction or that manifest injustice would otherwise result. *See Max's Seafood Café*, 176 F.3d at 677.

A word about what I did or did not do in the original opinion. I did not find SEER-SEM methodology unreliable or unacceptable. Indeed, the original opinion does not mention once the word "SEER-SEM" and I think it is fair to say that I expressed no opinion about it as a methodology. Plaintiff states, and I have no reason to disagree, that it is an accepted methodology for estimating the cost of writing new software. (*See*, e.g., D.I. 695 at 8).

What I did say in the original opinion, perhaps not as clearly as I could have, is that the cost of writing new software is irrelevant when there is no evidence that the cost of writing new software could result in a non-infringing alternative. The "cost savings" approach to damages, as recited in Federal Circuit caselaw that I cited in the original opinion (*see* D.I. 692 at 6), compares the cost difference between what the defendant did that was infringing with a non-infringing alternative that the defendant could have done. Thus, in *Hanson v. Alpine Valley Ski Area, Inc.*,

3

718 F.2d 1075 (Fed. Cir. 1983), the comparison was with a prior art machine. In *Prism*, the comparison was with a "backhaul structure" that would not have been infringing had the defendant owned it. In *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221 (Fed. Cir. 2011), the comparison was with a prior art radial arm saw.

In this case, however, there was no evidentiary basis to conclude that what Dr. Valerdi was estimating the cost of would solve the problem, and, indeed, Plaintiff's position was that it would not. (*See* D.I. 695 at 6). Since a cost savings opinion requires that there be a comparison with a non-infringing alternative, Dr. Valerdi was not making such a comparison, and Plaintiff's position is that he could not make such a comparison, Dr. Valerdi's opinion does not fit the facts of this case, and was therefore excluded.

## IV. CONCLUSION

For the reasons above, Acceleration Bay's Motion for Reconsideration of the Court's Memorandum Opinion (D.I. 692) Striking the SEER-SEM Methodology Used by Dr. Ricardo Valerdi (D.I. 695) is DENIED. Acceleration Bay's Motion for Leave to File Reply (D.I. 697) is DENIED.

IT IS SO ORDERED this 29 day of January, 2020.

Richard G. Andrews
United States District Judge

4