IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACCELERATION BAY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-453 (RGA) |
| | ) |
| ACTIVISION BLIZZARD, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**JOINT STATUS REPORT AND PROPOSED SCHEDULING ORDER**

Pursuant to the Court's October 25, 2022 Oral Order (D.I. 745), Plaintiff Acceleration Bay LLC ("Acceleration Bay") and Defendant Activision Blizzard, Inc. ("Activision") provide the following Joint Status Report and proposed Scheduling Order.

**Joint Summary of Case Status:** On April 21, 2020, the Court sua sponte stayed this action pending the resolution of the appeal from related case *Acceleration Bay LLC, v. 2K Sports, Inc.*, 1:16-cv-00455 (the "*Take Two* Action"). D.I. 711.

The Court of Appeals for the Federal Circuit issued a decision in the appeal from the *Take Two* Action, No. 2020-01700 (Fed. Cir.) (the "*Take Two* Appeal") on October 4, 2021. D.I. 725-1. Based on that decision, Activision filed a motion for summary judgment of non-infringement based on collateral estoppel. D.I. 730. The Court denied-in-part and granted-in-part Activision's motion. D.I. 744.

The following is a summary of the Asserted Patents and Accused Products at issue in this case:

| Patent | Accused Products |
|---|---|
| 6,701,344 | World of Warcraft |
| 6,714,966 | World of Warcraft |
| 6,732,147 | Call of Duty: Black Ops III; Call of Duty: Advanced Warfare; Destiny |
| 6,910,069 | Call of Duty: Black Ops III; Call of Duty: Advanced Warfare; Destiny |

**Acceleration Bay's Proposal:** With the conclusion of summary judgment motions, this case should be set for trial in early May 2023. This will allow ample time for the parties to supplement discovery on the issue of damages (as described below), provide damages reports, and prepare for trial.

At the time the Court stayed this action pending resolution of the appeal of the *Take Two* Action, Acceleration Bay's damages proffer was pending before the Court. D.I. 700. The proffer was based on a combination of factual evidence and expert opinion. *Id.* Activision submitted objections to Acceleration Bay's damages proffer. D.I. 702. Given the stay, the Court did not resolve Activision's objections.

Since then and while the case has been dormant, there have been material intervening events relevant to the measure of damages in this case. Specifically, Acceleration Bay entered into a license agreement with another video game company and Activision entered into an agreement to be acquired by Microsoft for $68.7 billion, a significant portion of which is related to value generated by the accused products. Accordingly, rather than adjudicate the proffer, which was provided several years ago, the parties should exchange supplemental document productions relating to these important intervening developments. As is customarily done prior to trial, Activision should supplement its revenue and usage data for the accused products so the

information is up to date. The parties can then engage in expert discovery based on the updated disclosures.

Acceleration Bay proposes the following schedule for updating the damages portion of the case and indicates the dates it is available for trial. Activision declined to provide counter-proposed dates and declined to indicate dates that it is available for trial.

| Event | Acceleration Bay's Proposed Date |
|---|---|
| Parties exchange documents relating to damages: Acceleration Bay will produce new license agreement. Activision will produce (1) updated revenue and usage data for the accused products and (2) documents regarding the valuation of the accused products in the Activision/Microsoft acquisition | 12/2/22 |
| Burden of Proof Expert Reports to Address Damages Issues | 1/20/23 |
| Rebuttal Expert Reports to Address Damages Issues | 2/24/23 |
| Close of expert discovery | 3/3/23 |
| *Daubert* Motion Opening Briefs regarding damages reports (15 pages total) | 3/16/23 |
| *Daubert* Motion Opposition Briefs regarding damages reports (15 pages total) | 3/30/23 |
| *Daubert* Motion Reply Briefs regarding damages reports (10 pages total) | 4/6/23 |
| Joint proposed final pretrial order | TBD |
| Pre-trial Conference | TBD |
| Trial (5 days) | Subject to the Court's calendar: Acceleration Bay is available 5/1/23 and 5/8/23 |

3

Activision should not be heard to complain that Acceleration Bay now seeks to update its damages case in view of significant intervening events since the entry of the stay. Activision just engaged in six months of proceedings based on the alleged impact of the intervening *Take-Two* appeal on Acceleration Bay's infringement case against Activision. With the case having been effectively stayed for two and a half-years, there is no prejudice to Activision from participating in an orderly process for the parties to update their damages cases. Once the parties have completed expert discovery, any objections that Activision has to the admissibility of the evidence upon which Acceleration Bay will rely can be addressed in connection with *Daubert* briefing or through *in limine* motions.[1] Activision's proposal to have an initial round of briefing on its objections before the parties even exchange updated information and expert reports would be highly inefficient and just inject further delay into the resolution of this dispute.

**Activision's Proposal:**

At the time the Court stayed this action, the Court had excluded Acceleration Bay's expert opinions on damages. Pending before the Court was Acceleration Bay's "fact-based damages proffer," (D.I. 700) which Activision opposed as inadmissible. (D.I. 702).

With the conclusion of summary judgment motions, there are two outstanding issues for the Court. The first is whether Acceleration Bay is entitled to yet again attempt to come forward with a submissible damages case after it repeatedly failed to do so. The second is case scheduling, including trial, if appropriate and necessary.

---

[1] Activision's objections set forth below are without merit. For example, the Federal Circuit has confirmed that a patent license agreement entered into in settling an earlier patent suit may be admissible evidence of the damages in later patent suits. *Prism Techs. LLC v. Sprint Spectrum LP,* 849 F. 3d 1360, 1370-1371 (Fed. Cir. 2017).

4

***Damages.*** After several orders excluding Acceleration Bay's many improper damages theories in this case, this Court granted Acceleration Bay one "final opportunity to present [the Court] with an admissible damages case." D.I. 619 at 2. Acceleration Bay submitted the Court-ordered proffer on February 15, 2019. This Court struck all aspects of Acceleration Bay's "final opportunity" on September 4, 2019, and specifically recognized that its "exclusion of those two [challenged] aspects of Mr. Parr's report leaves Plaintiff with no intact damages theories." D.I. 692 at 5. In that same order, this Court noted that the rejected proffer was "Plaintiffs final opportunity to present a damages case," and that "Plaintiff will not have an opportunity to submit revised expert reports" again. *Id.* at 7. Acceleration Bay moved for reconsideration of the Court's order, *see* D.I. 695, which this Court denied shortly before the case was stayed pending Acceleration Bay's appeal in *Take-Two*. D.I. 705; D.I. 711.

In view of the above, Acceleration Bay squandered its "final opportunity" to develop a submissible expert damages case for trial. Acceleration Bay has presented no cause—let alone good cause—for seeking yet another opportunity to submit an expert damages report and reconsideration of this Court's prior orders, including its determination that Acceleration Bay has no "intact damages theories" to present at trial. D.I. 692 at 5; *see also* 705 (denying motion for reconsideration).

The two "intervening events" identified by Acceleration Bay above shed no light on the proper reasonable royalty at the hypothetical negotiation, or otherwise warrant reconsideration of the Court's rulings. As to Acceleration Bay's "license agreement with another video game company" entered sometime since April 2021, this litigation-induced settlement[2] says nothing about the reasonable royalty from a hypothetical negotiation 10-15 years earlier. *See Sprint*

---

[2] *See Epic Games, Inc. v. Acceleration Bay LLC*, No. 19-cv-4133 (N.D.Ca.).

*Commc'ns Co. L.P. v. Comcast IP Holdings, LLC*, No. CV 12-1013-RGA, 2015 WL 456154, at *2 (D. Del. Jan. 30, 2015) (excluding expert testimony based two license agreements that "occurred over a decade after the hypothetical negotiation date, and were entered into with non-practicing entities for purposes of settlement"); *see also M2M Sols. LLC v. Enfora, Inc.*, 167 F. Supp. 3d 665, 675 (D. Del. 2016). As for Microsoft's proposed acquisition of Activision, also some 10+ years after the date of the hypothetical negotiation, Acceleration Bay offers no evidence to support its bald claim that a "significant portion of [the acquisition] is related to value generated by the accused products." Nor has Acceleration Bay identified how revenues from the accused products—including revenues generated after the expiration of the patents—has any rational nexus to the apportioned value of the patented inventions let alone the result of the hypothetical negotiation 10+ years earlier.

It thus appears that Acceleration Bay wants to do what it has repeatedly done before—burdening both Activision and the Court with even more legally infirm damages theories. This Court afforded Acceleration Bay one "final opportunity" to come forward with a proper damages case. Acceleration Bay failed to comply with this Court's directive, and this Court has already held that "Plaintiff will not have an opportunity to submit revised expert reports" again. D.I. 692 at 7. The Court should reject Acceleration Bay's request, and stand on its prior decisions precluding Acceleration Bay from taking yet another bite at the damages apple. D.I. 692 at 5, 7 (all proffered theories excluded, and declining any further supplementation); D.I. 705 (reconsideration denied).

**Schedule.** With respect to the schedule, Acceleration Bay's proposal is simply unworkable. Activision's counsel has eight trials between now and May. Four of those trials will be in front of

this Court before Acceleration Bay's seven-day window in May 2023.³ Aside from the trial conflicts, Activision has not had an opportunity to clear Acceleration Bay's seven-day window with its witnesses or experts.

Moreover, in the event the Court accedes to Acceleration Bay's request for yet another opportunity to offer up a submissible damages case, Acceleration Bay's proposed schedule does not afford sufficient time for Activision to meaningfully challenge whatever improper damages theories Acceleration Bay has in mind going forward—a concern that is squarely rooted in the history of this case and the alleged "intervening events" recited in its above Proposal. Finally, as the patents are all expired, there is no forward-looking harm to Acceleration Bay that warrants an expedited trial on issues that have already been precluded and on theories that have not even been disclosed.

| Patent | Expiration | Accused Products |
|---|---|---|
| 6,701,344 | September 21, 2021 | World of Warcraft |
| 6,714,966 | September 21, 2021 | World of Warcraft |
| 6,732,147 | July 20, 2022 | Call of Duty: Black Ops III; Call of Duty: Advanced Warfare; Destiny |
| 6,910,069 | July 9, 2022 | Call of Duty: Black Ops III; Call of Duty: Advanced Warfare; Destiny |

In view of the Court's orders excluding every damages theory from Acceleration Bay in this case,⁴ including the theories proffered in its "final opportunity" to present an admissible case,

---

³ *Sprint Commnc's Co. L.P. v. CSC Holdings, LLC*, No. 18-cv-1752 (December 2022); *Wonderland Switzerland AG v. Evenflo Company, Inc.*, No. 20-cv-727 (January 2023, Judge McKalla presiding); *Sprint Commnc's Co. L.P. v. Mediacom Commnc's Corp.*, No. 17-cv-1736 (April 2023); *Sprint Commnc's Co. L.P. v. WideOpenWest, Inc.*, 18-cv-361 (April 2023).

⁴ *See* D.I. 578 at 27-28 (excluding theories based on a jury verdict in *Uniloc* case), D.I. 600 (excluding grounds offered in support of a 15.5% royalty rate); D.I. 620 at (denying reconsideration of D.I. 600 because the Court did "not agree with Plaintiff that [it] committed error"); D.I. 619 at 2 (giving Plaintiff one "final opportunity to present me with an admissible

Activision respectfully ask the Court to deny Acceleration Bay's request for yet another bite at the damages apple. Instead, Activision requests parallel briefing to outline the authorities on this issue and identify the most efficient and appropriate way to manage this case going forward:

| Event | Date |
|---|---|
| Opening Briefs (10 pages) | December 9, 2022 |
| Answering Briefs (5 pages) | December 23, 2022 |
| Status Report | 14 days after Court ruling |

Dated: November 8, 2022
10432307

POTTER ANDERSON & CORROON LLP

By: */s/ Philip A. Rovner*
   Philip A. Rovner (# 3215)
   Jonathan A. Choa (#5319)
   1313 North Market Street 6th Floor
   Wilmington, Delaware 19801
   (302) 984-6000
   provner@potteranderson.com
   jchoa@potteranderson.com

*Attorneys for Plaintiff*
*Acceleration Bay LLC*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: */s/ Jack B. Blumenfeld*
   Jack B. Blumenfeld (#1014)
   1201 North Market Street
   P.O. Box 1347
   Wilmington, DE 19899
   (302) 658-9200
   jblumenfeld@morrisnichols.com

*Attorneys for Defendants*
*Activision Blizzard, Inc*

---

damages case"); D.I. 692 at 5 (excluding all damages theories in Plaintiff's last-chance damages proffer, and noting that the order "leaves Plaintiff with no intact damages theories" for trial); D.I. 705 (denying reconsideration of D.I. 692).