# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACCELERATION BAY LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ACTIVISION BLIZZARD, INC., ) <br> ) <br> Defendant. ) | C.A. No. 16-453 (WCB) |

## ACCELERATION BAY LLC'S RESPONSE TO
## DEFENDANT'S SUPPLEMENTAL BRIEF ON DAMAGES ISSUES

OF COUNSEL

Paul J. Andre
Lisa Kobialka
James Hannah
Michael Lee
Christina M. Finn
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
(650) 752-1700

Aaron M. Frankel
Marcus A. Colucci
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Date:  December 23, 2022

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Plaintiff*
*Acceleration Bay, LLC*

## **TABLE OF CONTENTS**

                                                                                                               **Page**

I.    THE COURT AUTHORIZED AND REQUESTED ACCELERATION BAY'S DAMAGES PROFFERS .................................................................................................... 1

II.   LAY WITNESS TESTIMONY IS ADMISSIBLE TO SUPPORT DAMAGES ................... 3

III.  INTERVENING EVENTS SHOULD BE ADDRESSED THROUGH DISCOVERY AND SUPPLEMENTAL EXPERT ANALYSIS ................................................................... 5

IV.  THE CASE SHOULD PROCEED TO TRIAL, INCLUDING ACCELERATION BAY'S PRESENTATION OF DAMAGES CASE ................................................................ 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Motorola, Inc.*,
    757 F.3d 1286 (Fed. Cir. 2014) ................................................................................................3, 6

*AVM Techs., LLC v. Intel Corp.*,
    927 F. Supp. 2d 139 (D. Del. 2013) .........................................................................................4, 5

*Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc.*,
    967 F.3d 1353 (Fed. Cir. 2020) ....................................................................................................2

*Commonwealth Sci. & Indus. Rsch. Organisation v. Cisco Sys., Inc.*,
    809 F.3d 1295 (Fed. Cir. 2015) ....................................................................................................2

*Dow Chem. Co. v. Mee Indus., Inc.*,
    341 F.3d 1370 (Fed. Cir. 2003) ................................................................................................3, 6

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
    927 F.3d 1292 (Fed. Cir. 2019) ....................................................................................................2

*Fromson v. Western Litho Plate & Supply Co.*,
    853 F.2d 1568 (Fed. Cir. 1988) ....................................................................................................5

*Georgia-Pac. Corp. v. U.S. Plywood Corp.*,
    318 F. Supp. 1116 (S.D.N.Y. 1970) .............................................................................................4

*IOENGINE v. PayPal Holdings, Inc.*,
    No. 18-452-WCB, D.I. 528 (D. Del. June 23, 2022) ...................................................................7

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ....................................................................................................5

*Promega Corp. v. Life Techs. Corp.*,
    875 F.3d 651 (Fed. Cir. 2017) ......................................................................................................7

*Veritas Operating Corp. v. Microsoft Corp.*,
    No. 2:06-cv-00703-JCC, 2008 WL 657936 (W.D. Wash. Jan. 17, 2008) ................................3, 4

**Statutes**

35 U.S.C. § 284 ..................................................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) .....................................................................................................................5

Pursuant to the Court's November 16, 2022 oral order (D.I. 747), Plaintiff Acceleration Bay LLC submits the following response to Defendant Activision Blizzard, Inc.'s brief on damages issues (D.I. 748).

I. **THE COURT AUTHORIZED AND REQUESTED ACCELERATION BAY'S DAMAGES PROFFERS**

As explained in Acceleration Bay's opening brief (D.I. 749), Acceleration Bay's First and Second Proffers were submitted in direct response to the Court's orders and therefore expressly authorized. The grounds for Acceleration Bay's current damages case, in the absence of any further supplementation, are outlined at D.I. 700 ("Second Proffer"), submitted pursuant to the Court's October 15, 2019 Order (D.I. 699) ("Order Requesting Explanation") ("The Court requests that Plaintiff . . . in any event, proffer the factual evidence [it will introduce] to establish the appropriate apportionment to the footprint of the inventions."). Acceleration Bay's First Proffer (D.I. 641) was similarly submitted pursuant to this Court's October 30, 2018 Order allowing Acceleration Bay to supplement its initially stricken expert report and submit a proffer of its damages case. D.I. 619 ("Initial Proffer Order"). Thus, Activision's repeated characterization of Acceleration Bay's proffers as "unauthorized" is incorrect. *See, e.g.,* D.I. 748 at 1-5.

Acceleration Bay's Second Proffer is fully consistent with the Court's Orders. The Court already concluded that Mr. Parr's opinions regarding the Boeing/Panthesis License are admissible and that Acceleration Bay properly disclosed those opinions to Activision. D.I. 692 at 13. For example, Acceleration Bay disclosed in its First Proffer its reliance on testimony from the inventors/licensees of the Patents-in-Suit. Second Proffer (D.I. 700) at 2, citing First Proffer (D.I. 641) at 24. As Acceleration Bay timely disclosed, the inventors/licensees of the Patents-in-Suit will establish that "Boeing and Panthesis agreed that 12% of the revenue generated by

Panthesis from using the technology of the Patents-in-Suit was a fair royalty to compensate Boeing for the contributions of the Patents-in-Suit to the video games that Panthesis was developing." Second Proffer (D.I. 700) at 2. Thus, Acceleration Bay disclosed the apportionment grounds it intends to present at trial.

Federal Circuit precedent confirms that a patent owner may show that a prior license to the Patents-in-Suit was already apportioned under such circumstances. D.I. 749 at 5-6; *Commonwealth Sci. & Indus. Rsch. Organisation v. Cisco Sys., Inc.*, 809 F.3d 1295, 1303 (Fed. Cir. 2015) ("*CSIRO*") (affirming district court's reliance on lay factual testimony regarding prior patent licensing negotiations to establish reasonable royalty); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 927 F.3d 1292, 1301 (Fed. Cir. 2019) (citing *CSIRO*, 809 F.3d at 1302-03) (affirming damages award as "consistent with our [*CSIRO*] precedent concerning the apportionment requirement that a royalty should reflect the value of patented technology" and can be embedded in a comparable license); *Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1376-77 (Fed. Cir. 2020) (affirming 15% royalty based on comparable licenses and finding that "there is no blanket rule of *quantitative* apportionment in every comparable license case," as analysis of comparable licenses "could reasonably be found to incorporate the required apportionment"). Accordingly, Acceleration Bay may present evidence that the 12% royalty rate was already apportioned.

Activision incorrectly contends that a damages number that is higher than an excluded damages number must necessarily be unauthorized. Activision mischaracterizes the Court's findings as to the exclusion of Mr. Parr's opinion based on Activision's survey results. Contrary to Activision's recitation (D.I. 748 at 3-4), the Court only excluded the apportionment analysis and not Mr. Parr's revenue calculations or application of the royalty rate. D.I. 692 at 8-9. The

Court specifically found that Mr. Parr's reliance on and analysis of the Boeing/Panthesis License complies with Federal Circuit precedent as to comparable licenses and that Acceleration Bay adequately disclosed its reliance on it. *Id*. at 11-13. And the Court made no finding that the Boeing/Panthesis License could not be used to apportion the value of the patented invention on its own. *Id*. at 9-10.

Apportionment is not evaluated based on how large or small the damages number is, but rather on whether it is appropriately tied to the value of the inventions. The Court's prior rejection of the 57% apportionment based on survey evidence has no bearing on the admissibility of testimony from the inventors/licensees regarding facts establishing that the 12% royalty rate was already apportioned. D.I. 749 at 4-5.

## II.   LAY WITNESS TESTIMONY IS ADMISSIBLE TO SUPPORT DAMAGES

The testimony of the inventors and founders of licensee Panthesis is admissible to support damages. *Id.* at 4-6. "[S]ection 284 is clear that expert testimony is not necessary to the award of damages, but rather 'may be received . . . as an aid.'" *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1382 (Fed. Cir. 2003) (citation omitted); *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1330 (Fed. Cir. 2014) (the absence of expert evidence does "not support a finding that zero is a reasonable royalty"), *overruled on other grounds*. The Federal Circuit has confirmed that fact witness testimony is admissible for such purposes. D.I. 749 at 5-6.

Activision incorrectly contends that a "lay witness may not offer an opinion on ultimate patent damages, 'including determining a reasonable royalty.'" D.I. 748 at 5-6, citing *Veritas Operating Corp. v. Microsoft Corp.*, No. 2:06-cv-00703-JCC, 2008 WL 657936, at *33 (W.D. Wash. Jan. 17, 2008). Here, Acceleration Bay is offering a fact witness to provide facts to support apportionment, not an opinion on apportionment. Moreover, the very case Activision

3

cited explains: "[T]hat is not to say that an employee cannot provide opinion testimony on patent damages." 2008 WL 657936, at *33. The court noted that in *Georgia-Pacific* two non-expert employees were "clearly qualified to opine on what a reasonable royalty would be" "given their experience" and qualifications, and such may be true in other cases as well. *Id*. at *33-34, citing *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1142 (S.D.N.Y. 1970). Whether a particular witness's testimony is admissible is analyzed on a case-by-case basis—there is no blanket rule that fact witnesses cannot provide factual testimony to establish a reasonable royalty.

The admissibility of such factual testimony is further confirmed in *AVM Technologies, LLC v. Intel Corporation*, on which Activision also relies. D.I. 748 at 6. In that case, this Court specifically found that the portions of a patentee's second damages proffer based on a co-inventor's "testimony as to facts within his personal knowledge [wa]s admissible." 927 F. Supp. 2d 139, 146 (D. Del. 2013). The Court stated that the co-inventor "would be permitted to testify to the benefits of the [asserted] patent, the legal assignments of the [asserted] patent, his actual negotiations with [defendant]. This testimony is based on fact and within [the co-inventor]'s personal knowledge." *Id*. at 146–47 (internal citations omitted).

Here, the inventors/licensees have relevant factual information based on their personal knowledge as to how and why they agreed on a 12% royalty rate with Boeing for video games. D.I. 749 at 1, 4-5. Acceleration Bay's proffered testimony of co-inventors Dr. Fred Holt and Mr. Virgil Bourassa falls squarely within testimony that is allowed because it is within their personal knowledge. As explained in Acceleration Bay's opening brief (D.I. 749), their testimony regarding the Boeing/Panthesis License and the negotiations leading up to it "would establish that 'Boeing and Panthesis agreed that 12% of the revenue generated by Panthesis from using the

4

technology of the Patents-in-Suit was a fair royalty to compensate Boeing for the contributions of the Patents-in-Suit to the video games that Panthesis was developing.'" *Id.* at 4. As in *AVM Technologies*, the co-inventors' personal knowledge regarding the benefits of the Patents-in-Suit as well as negotiations with the licensor of the Patents-in-Suit for a license to them should be admissible here. Nothing about their proffered testimony veers improperly into expert testimony territory, as they would not be testifying as to "calculations" regarding the ultimate royalty to be awarded or as to hypothetical events. Thus, the inventors' testimony is admissible evidence of damages.

### III. INTERVENING EVENTS SHOULD BE ADDRESSED THROUGH DISCOVERY AND SUPPLEMENTAL EXPERT ANALYSIS

Both the intervening license of the Patents-in-Suit and Microsoft's agreement to acquire Activision shed light on the value of the inventions claimed in the Patents-in-Suit and utilized in Activision's accused games that are part of the Microsoft acquisition. D.I. 749 at 7. Activision speculates that these developments will ultimately be inadmissible as to the hypothetical negotiation analysis. Any such conclusion is premature and not a basis to prevent discovery into these intervening events. Fed. R. Civ. P. 26(b)(1) ("Information . . . need not be admissible in evidence to be discoverable."); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1333-34 (Fed. Cir. 2009) ("Consideration of evidence of usage after infringement started can, under appropriate circumstances, be helpful to the jury and the court in assessing whether a royalty is reasonable."); *Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1575 (Fed. Cir. 1988) ("[A hypothetical negotiation analysis] permits and often requires a court to look to events and facts that occurred thereafter and that could not have been known to or predicted by the hypothesized negotiators."), *overruled on other grounds*. This speculation is precisely why discovery should be opened for the limited purpose of obtaining facts regarding the license and

5

acquisition agreement—so that the parties and their experts can evaluate the documents to determine what significance they have to the reasonable royalty determination. The Court can then assess the admissibility of this new evidence on a fulsome record.

The Court should not conclude that a license to the Patents-in-Suit is irrelevant to the hypothetical negotiation sight unseen. Similarly, Activision's suggestion that any reliance on Microsoft's agreement to acquire Activision would run afoul of the entire market value rule is misplaced and premature. Acceleration Bay's citation to the amount of the acquisition price simply conveys the significance of the event, such that it should not be ignored in the damages analysis here. Aside from the purchase price, there are likely to be many other data points and analyses generated during the negotiations between Microsoft and Activision that will be relevant and admissible evidence of the value of the Patents-in-Suit. Allowing both parties to assess the underlying documents pertaining to both intervening events will determine their relevance to damages case here.

## IV. THE CASE SHOULD PROCEED TO TRIAL, INCLUDING ACCELERATION BAY'S PRESENTATION OF DAMAGES CASE

As Activision concedes, a patentee is entitled by statute to no less than a reasonable royalty for any infringement by Activision, unless waived. D.I. 748 at 9-10; 35 U.S.C. § 284; *Dow Chem. Co.*, 341 F.3d at 1381-82 ("The statute is unequivocal that the district court must award damages in an amount no less than a reasonable royalty.") (citations omitted). "[T]he fact finder must [] determine what constitutes a reasonable royalty from the record evidence." *Apple, Inc.*, 757 F.3d at 1328. Acceleration Bay has not waived damages, and thus, is entitled to a reasonable royalty should the jury agree that Activision has infringed the Patents-in-Suit.

The only case Activision cites that found waiver does not apply here. There, the patentee explicitly declined the district court's offer to "supplement the record and present evidence [to

6

support]" a "lesser damages amount" in the event the patentee's theory as to worldwide sales was not legally permissible. *Promega Corp. v. Life Techs. Corp.*, 875 F.3d 651, 665 (Fed. Cir. 2017). On that record, the Federal Circuit affirmed the district court's finding of waiver. That is directly contrary to the circumstances here where Acceleration Bay has accepted every opportunity provided by the Court to explain and supplement its damages case, such that no waiver is warranted. This is particularly true here where significant portions of Mr. Parr's opinions remain unexcluded and none of the excluded portions were found to be frivolous. *IOENGINE v. PayPal Holdings, Inc.,* No. 18-452-WCB, D.I. 528, at *6 (D. Del. June 23, 2022) (D.I. 749-1) (precluding a damages case "would be an extreme sanction for attempting to rely upon a damages opinion that was not frivolous").

    Activision claims it would be "profoundly prejudiced" if Acceleration Bay is permitted to pursue damages. Yet Activision's brief is devoid of any explanation as to how it would be prejudiced. While Activision would no doubt prefer to be given a free pass for its many years of infringement, its claim of prejudice from permitting supplementation of discovery in view of intervening events rings hollow in view of the many months of delay Activision introduced into the case by seeking further summary judgment motions due to intervening events in related cases. *See* D.I. 749 at 7.

    There is no prejudice to Activision in moving forward with trial on either the existing damages case as set forth in the Second Proffer or a supplemented damages case that includes discovery into the intervening events. Activision has had a full opportunity to prepare its case for trial on Acceleration Bay's existing damages case and, pursuant to Acceleration Bay's proposed schedule, would have such an opportunity with respect to a supplemental damages

7

case.  Thus, Acceleration Bay respectfully requests that the Court enter a schedule setting this case for trial according to the proposals set forth at D.I. 749.

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| Paul J. Andre<br>Lisa Kobialka<br>James Hannah<br>KRAMER LEVIN NAFTALIS<br> & FRANKEL LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065<br>(650) 752-1700<br><br>Aaron M. Frankel<br>KRAMER LEVIN NAFTALIS<br> & FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9100<br><br>Dated: December 23, 2022<br>10509302 | By: */s/ Philip A. Rovner*<br>    Philip A. Rovner (#3215)<br>    Jonathan A. Choa (#5319)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, DE  19899<br>    (302) 984-6000<br>    provner@potteranderson.com<br>    jchoa@potteranderson.com<br><br>*Attorneys for Plaintiff*<br>*Acceleration Bay LLC* |