IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACCELERATION BAY LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 16-453-WCB |
| ACTIVISION BLIZZARD INC., | § § § | |
| *Defendant*. | § § § § | |

**<u>ORDER</u>**

Defendant Activision Blizzard, Inc., has filed a motion seeking leave to submit a supplemental expert report from its expert Dr. Stephen Wicker. Dkt. No. 790. The purpose of the expert report is to address the court's new claim construction ruling in its Supplemental Claim Construction Order entered on September 20, 2023. Dkt. No. 788. Plaintiff Acceleration Bay LLC opposes the motion, Dkt. No. 791, and Activision has filed a reply, Dkt. No. 794. The motion is granted in part.

This case is currently set for trial beginning on April 29, 2024. On July 14, 2023, Activision requested additional briefing to resolve a claim construction issue that had arisen in this case. Activision asked the court to allow briefing on (1) whether and to what extent Judge Andrews' legal rulings in a related case should be entered as claim constructions in this case, and (2) whether, under those constructions, a genuine issue of material fact remains on the issue of infringement. Dkt. No. 778. On July 19, 2023, I entered an order directing the parties to brief the question "whether there is a distinction, for purposes of determining whether a network is

1

configured to maintain m-regularity, between actions taken by the player during the game and actions taken by the player before the game starts." Dkt. No. 781 at 5.

The parties briefed that question, taking opposing positions. *See* Dkt. No. 784, 785. Activision argued that "there is no legal distinction between player activities before or during a game—all player activities are excluded under the court's construction requiring a network to have a particular configuration." Dkt. No. 784 at 10. Acceleration responded that players' pre-game actions are not "inconsistent with a network being configured to end up with an m-regular network while also taking into account players' pre-game actions, such as security settings." Dkt. No. 785 at 8.

Following the parties' briefing of that question, I issued a Supplemental Claim Construction Order. Dkt. No. 788. In that order, I ruled, in accordance with Judge Andrews' previous order in a related case, that

> it is clear that the operative distinction for purposes of determining m-regularity is not whether a player's actions were taken during the game or prior to the start of gameplay. Instead, the operative question is how the network behaves when it falls out of an m-regular state. If the network "responds by immediately trying to return to [an m-regular] configuration," then it is likely configured to maintain m-regularity. . . . If not, the network is not "'configured to maintain' any particular state."

*Id.* at 4. I noted that in Acceleration's view the Call of Duty game set "is configured to create an m-regular network and does not depend on any specific pre-game actions to do so." *Id.* at 5. I added that if Acceleration "is able to establish that proposition as a factual matter at trial, my disposition of the present claim construction dispute would not preclude a finding of infringement." *Id.*

Following the issuance of that order, Activision filed its motion seeking to supplement Dr. Wicker's expert report in response to the court's claim construction.

2

Acceleration objects to the supplemental expert report on several grounds. First, Acceleration points out that the portions of Dr. Wicker's supplemental expert report that are directed to the Destiny and World of Warcraft games deal with in-game player actions and do not respond to the court's Supplemental Claim Construction Order. Activision argues that the court's order "more broadly analyzed the relationship between pre-game player activities, in-game player activities, and the requirement for infringement that any time a network becomes not m-regular for any reason, it is 'immediately' restored to m-regularity." Dkt. No. 794 at 2. I disagree with that characterization of my order, which was directed to the narrow issue of whether there "is a distinction, for purposes of determining whether a network is configured to maintain m-regularity, between actions taken by the player during the game and actions taken by the player before the game starts." Dkt. No. 788 at 1, quoting Dkt. No. 781 at 5.

Contrary to Activision's contention, the court's September 20, 2023, order did not modify the prior claim construction with respect to in-game player actions. There is therefore no justification for Dr. Wicker's presenting further views or further discovery regarding the Destiny and World of Warcraft games that are discussed in paragraphs 25 through 34 of Dr. Wicker's supplemental expert report, as his discussion of those games does not pertain to pre-game player actions.

As for the Call of Duty game set, which is discussed at paragraphs 12-24 of his supplemental report, much of that discussion reiterates prior opinions expressed by Dr. Wicker and other Activision experts. *See* Dkt. No. 790-1 at ¶¶ 12, 14–17, 20, and 22. Several paragraphs of Dr. Wicker's report, however, do not expressly refer to prior opinions of Activision's experts. *See* paragraphs 13, 18, 19, 21, 23, and 24, and Acceleration has not identified particular reports by Activision's experts that make the same factual contentions that are made in those paragraphs. I

3

have examined the pertinent expert reports and testimony, and have not found that other Activision expert reports or testimony, either by Dr. Wicker or other experts, support Acceleration's contention that Dr. Wicker's statements in paragraphs 13, 18, 19, 21, 23, and 24 are redundant of points made in those earlier reports.

For that reason, I will allow Dr. Wicker to supplement his August 25, 2023, expert report with paragraphs 13, 18, 19, 21, 23, and 24 of his supplemental expert report dated October 20, 2023, Dkt. No. 790-1, contingent on Activision making Dr. Wicker available for a two-hour deposition directed to those paragraphs by January 24, 2024. Acceleration will be permitted to file a supplemental expert report of no more than five pages by one of its experts responding to the designated paragraphs of Dr. Wicker's supplemental expert report by February 7, 2024, contingent on Acceleration making its expert available for a two-hour deposition by February 21, 2024.

In its motion papers, Activision has stated that the court should dismiss the action altogether. *See* Dkt. No. 794 at 3, 4. Treating that request as yet another request for summary judgment by Activision, the motion is denied.

In a separate filing, Dkt. No. 789, Activision requests that the court instruct the jury on the claim construction issue that was resolved by the court in its September 20, 2023, order, Dkt. No. 788. A decision regarding the instructions to be given to the jury regarding claim construction issues will be made shortly before or during the trial.

 IT IS SO ORDERED.

SIGNED this 10th day of January, 2024.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE